WEST *against* EMMONS.

THIS was an action of covenant. The declaration stated, that by articles of agreement, dated the 7th *April*, 1807, the defendant covenanted and agreed to sell and convey unto the plaintiff, his heirs and assigns, by a good and sufficient deed in the law, a certain lot of land in the town of *Onondaga*, &c. the said deed to be executed on or before the 25th *April*, 1807; and that the plaintiff, by the same agreement, did covenant to reconvey, by indenture of mortgage, to the plaintiff, the same lot of land, to be executed and delivered to the defendant, on the execution of the deed from the defendant to the plaintiff, and that he would also, at the same time, execute a bond to the defendant, in the penal sum of 1,000 dollars, conditioned, &c. as security for the consideration money, being 500 dollars, for the land. The plaintiff then averred, that at the time of making the said agreement, and always since, he was, has been, and still is, ready to give and execute, unto the defendant, his heirs, &c. the mortgage, as security, &c. and the bond, &c. as collateral security for the payment of the consideration money for the said land, &c. whenever the defendant would convey to him the said lot of land by a good and sufficient deed, &c. and he averred that the defendant did not, on or before the said 25th *April*, 1807, convey, &c. unto the plaintiff, by a good and sufficient deed, the said lot, &c. although then and there requested, and often since, &c. and so, &c.

To this declaration there was a demurrer, and joinder in demurrer.

*Allen*, in support of the demurrer, observed, that the covenants were mutual and dependant. The plaintiff

*A.* covenanted to *A.* by a good and sufficient deed, a certain lot of land to *B.* on or before a certain day, and *B.* covenanted to reconvey the same to *A.* by a mortgage, at the same time, as security, and also to execute a bond for the consideration money: *B.* afterwards brought his action of covenant against *A.* and in his declaration averred, that he was, at the time, and always had been, ready to execute the mortgage and bond, &c. It was held, that the covenants were mutual and dependent; that the averment of readiness to perform by the plaintiff was sufficient; and that, from the nature of the covenant, he was not bound to seal and tender the mortgage, before *A.* had conveyed the land to him, or had offered a conveyance.

NEW-YORK,
Nov. 1809.

WEST
v.
EMMONS.

avers a readiness to execute a mortgage and bond, according to his covenant; but he does not aver that he ever tendered to the defendant such a mortgage and bond. Though there need not be an actual performance, yet there must be, at least, an *offer* to perform, before the party can bring his action. He cited *Doug.* 688, 689. 1 *Salk.* 113. 171. 4 *Term Rep.* 761. 6 *Term Rep.* 570. 7 *Term Rep.* 125. 8 *Term Rep.* 370. 2 *Johns. Rep.* 207.

*Kirkland,* contra, insisted, that the averment on the part of the plaintiff, that he was then ready, and always had been ready, to execute a mortgage, was sufficient. The agreement, on the part of the plaintiff, was to *reconvey* the land by mortgage, as security. He could not reconvey, until he had first received a conveyance from the defendant. The prior performance of the defendant's covenant was essential and indispensable to the performance of the plaintiff's; so that it could not be requisite to offer to do a thing which he could not perform, until the defendant had first executed his covenant.

VAN NESS, J. delivered the opinion of the court. It would be difficult to reconcile all the cases on this subject. A general principle which pervades them all is, that where the plaintiff himself is to do an act to entitle him to the action, he must either show the act done, or, if it is not done, at least that he has performed every thing that was in his power, and which he was bound to do. The difficulty is in the application of the principle to particular cases. The covenants in the case before us are dependant. The defendant contracted, on a given day, to execute a conveyance of the property; and the plaintiff, to secure the money to be paid for it, stipulated to reconvey, by way of mortgage, at the same time. The question is, whether the averment of the plaintiff's *rea*-

*diness*, on the day, to execute the mortgage, is or is not sufficient to entitle him to maintain this action; and the decision of it will depend upon the true construction of the agreement. In reason and good sense, it ought not to be required of the plaintiff to seal and tender a mortgage of the property agreed to be conveyed to him, before he had obtained a title to it from the defendant. All that ought to be demanded of him is to execute the mortgage, upon the defendant's offering a complete performance of the agreement on his part. The declaration states, that on the day appointed for carrying the contract into effect, the plaintiff was ready to execute the mortgage, and that he requested the defendant to execute the deed, which he refused to do. There was, therefore, nothing to be done by the plaintiff, which he had the power, or (what in legal acceptation means the same thing) the right, to do. According to this construction of the contract, the plaintiff has done all that was legally incumbent on him, and the averment therefore is sufficient.

There are cases where both parties have the power to perform, without any act being previously necessary to be done by the other. In all such cases, it is necessary that the party bringing an action should aver, (if the act has not been actually performed,) a tender and refusal, which is equivalent to a performance. But this is not one of that description. What possible use could there be in going through the idle ceremony of executing and tendering the mortgage, when the defendant refused to deliver the deed? This would be inverting the order in which this agreement was to be finally carried into effect.

There are two cases, one in the court of K. B. and the other in the court of C. B. in *England*, in which the nature and necessity of averments, in cases of this kind, were fully considered, and in which the law, in my view,

NEW-YORK,
Nov. 1809.

WEST
v.
EMMONS.

NEW-YORK,
Nov. 1809.

has been correctly settled. (*Rawson and others* v. *John-son*, 1 *East*, 203. and *Waterhouse* v. *Skinner*, 2 *Bos. &* *Pull.* 457.) The counsel who argued for the defendant in the first of these cases, relied upon the decision in *Merton* v. *Lamb.* (7 *Term Rep.* 125.) There is, however, a wide difference between the two cases; for in the latter there was not even an averment of a *readiness* to perform on the part of the plaintiff, and for that reason the averment was justly held to be insufficient. *Lawrence*, J. in *Rawson and others* v. *Johnson*, in support of the opinion of the court, refers to the form of a declaration in *Plowd. Rep.* 180. *Norwood* v. *Norwood and others.* I have examined the pleadings in that case, and the judgment upon them, and I find it full to the point for which it was cited.

The plaintiff is, therefore, entitled to judgment.

Judgment for the plaintiff.