## TOPPING *against* ROOT.

In an action        ASSUMPSIT, for non-delivery of hops, tried at the Rensse-
for non deliv-   laer circuit, November 17th, 1824, before DUER, C. Judge.
ery of goods,
to be paid for      At the trial, it appeared that the defendant, by a note in
at the time of   writing, dated August 22d, 1823, contracted to deliver to
delivery, the
plaintiff must   the plaintiff, at his brewery, between the 1st day of October
not only aver    and the 1st day of December, 1823, 8000lbs. of hops; the
that he was
ready to pay     plaintiff having the liberty of extending the quantity to
at the time;     10,000lbs.; in such case reasonable notice to be given; and
but he must
also prove that  the defendant was to receive 13 cents for each pound of hops.
he was ready.    Should it not be convenient for the plaintiff to pay all the
Till this be
done, the de-    money on delivery, his note for a part, (say half,) should be
fendant is not   given at 60 or 90 days.    About the middle of October, the
bound to show
performance,     defendant had delivered 7933 lbs. and received payment;
or a readiness   when the plaintiff gave him notice that he claimed the
to perform on
his part.        10,000lbs.; but no more were delivered.    This suit was
Where R.         for the non delivery of the 2057lbs.
on the 22d of
August,    a-        The declaration averred a readiness on the part of the
greed to deliver
a certain quan-  plaintiff to receive and pay for the hops; but no proof was
tity of hops     given under this averment.
to T., be-
tween the 1st       The defendant moved for a nonsuit on this ground, which
October   and    was denied.
the 1st Decem-
ber, to be paid     He also objected, that the notice was not in proper sea-
for on delivery  son; that it should have been before the 1st of October.
at a certain
place; with
liberty in T.
to increase the
quantity, on giving reasonable notice: in an action by T. for not delivering the increased
quantity; *held*, that he was bound to give the notice before the 1st of October; and prove
that he was ready to pay for the increased quantity.

This was also overruled; and a verdict was found for the plaintiff, for $246 84 damages.

S. *Stevens*, for the defendant, now moved for a new trial, on the grounds taken at the circuit; and cited 2 John. Rep. 207; 10 id. 266; 12 id. 209; 1 Salk. 112; 7 T. R. 121. He said the promises were dependent.

S. A. *Foot*, contra, said the plaintiff need not prove readiness, when the defendant totally neglects any attempt to perform on his part. In *Porter* v. *Rose*, (12 John. 209,) the defendant was ready, and pressed the performance; but the plaintiff was not ready. The defendant offered to deliver; but made a condition that the plaintiff should pay. The objection that the notice was not reasonable, was properly overruled, and submitted to the jury.

*Curia*, per SAVAGE, Ch. J.   The defendant's counsel contends that the promises are dependent; one being to deliver; the other to pay; and that in such cases, the party complaining of the non-delivery, is bound not only to aver a readiness to pay, but also to prove that averment.

In the case of *Green* v. *Reynolds*, (2 John. 207,) the action was covenant. The plaintiff covenanted to give a deed of land, and the defendant to pay $1000. The plaintiff sued for the money; but did not aver a tender of the deed. The court said, the covenants were clearly dependent; and that the good sense of the contract, was, that the money was not to be paid, till the deed was ready for delivery. In *Jones* v. *Gardner*, (10 John. 266,) the contract was, that the plaintiff should convey to the defendant a farm; the payments were specified; and whenever the defendant received a good and sufficient deed, he was to give a bond and mortgage for the purchase money. The plaintiff tendered a deed; but it did not include the whole farm; and on that ground, the defendant had judgment. The court held the covenants to be dependent.

The case of *Porter* v. *Rose*, (12 John. 209,) sustains this motion for a nonsuit.   That was an action on a contract for

6000 gallons of whiskey, at 70 cents, to be delivered at Buffalo ; and to be paid for on delivery.   On the trial, the defendant's counsel moved for a nonsuit, because the plaintiff had not shown a readiness to pay.   The objection was overruled, on the ground that this was not necessary. Spencer, Justice, in delivering the opinion of the court, says, "it is fully settled in a variety of modern cases, which have disregarded the artificial and subtle distinctions of former times ; and looked to the real intention and meaning of the parties, that when two acts are to be done at the same time ; as when the one agrees to sell and deliver, and the other agrees to receive and pay, an averment by the purchaser, in case he sues for the non-delivery, of a readiness and willingness to pay, is indispensably necessary ; and that, consequently, the readiness and willingness to pay, is matter to be proved on his part ; whether the other party was at the place ready to deliver the thing contracted for, or not."   And he cites many cases to prove the doctrine ; (7 T. R. 125 ; 1 East, 203 ; 2 B. & P. 447 ; 1 Saund. 320, note (4) ; 5 John. Rep. 179 ; 2 id. 207 ;) all which decide that a readiness must be averred ; but none go so far as to say, that actual proof of readiness must be given at the trial.   It is, however, a general rule, that all material averments must be proved.   And the case of *Porter* v. *Rose,* is a direct application of the rule to the principal case.

Again ; the notice was not reasonable.   It should have been given a reasonable time before the 1st of October ; when the defendant was at liberty to deliver the whole quantity contained in the contract.

A new trial must be granted, with costs to abide the event.

New trial granted.