DANIEL R. ACKLEY *against* JONATHAN RICHMAN and ABRAHAM M'CALTIONER, Administrators of JOHN ELWELL, Deceased.

A declaration on a contract for the sale of lands at auction, one of the conditions of which was " that the purchaser should pay the purchase money, and the vendors deliver a deed for the premises within six days from the day of sale," should contain an averment of a tender of the purchase money, by the plaintiff; an averment merely that the plaintiff was ready and willing to perform all things on his part to be performed, and to pay the purchase money and complete the contract is not sufficient. And the same averment is necessary where the contract was that the purchaser should pay the purchase money " on the 15th of September 1827, on having a good and sufficient title made to him for the land."

Ackley *v.* Elwell.

*Field,* for plaintiff in error, cited and commented on the following cases : 1 *Chitty pl.* 317 ; *Rawson* v. *Johnson,* 1 *East.* 202 ; *Waterhouse* v. *Skinner,* 2 *B. & P.* 447 ; *Martin* v. *Smith,* 6 *East.* 655 ; 2 *Saund.* 352, *n.* 3 ; *Doug.* 665 ; *West* v. *Emmons,* 5 *John.* 179 ; *Porter* v. *Rose,* 12 *John.* 289 ; *Miller* v. *Drake,* 1 *Caines* 45 ; 2 *Chitty* 158 ; *Plowd.* 180 ; *Hearne's plead.* 131 ; *Clift.* 97.

*R. P. Thompson* and *M'Culloch,* for the defendants in error, cited and relied on the following cases : *Callonel* v. *Briggs,* 1 *Salk.* 112 ; *Goodeson* v. *Nunn,* 4 *T. R.* 761 ; *Morton* v. *Lamb,* 7 *T. R.* 125 ; *Lea* v. *Exelly, Cro. Eliz.* 888 ; *Catlin* v. *Jackson,* 8 *John.* 428 ; 1 *Saund.* 320, *n.* 4 ; *Harvey* v. *Trenchard,* 1 *Halst.* 126.

The Chief Justice delivered the opinion of the court.

This case comes before us on a writ of error to the inferior Court of Common Pleas of the county of Salem, upon a judgment rendered by that court in favor of the defendants below, also defendants here, on a demurrer to the declaration.

The declaration is on a contract for the sale of land by the defendants to the plaintiff, and contains two counts. In the first count after reciting a sale at public auction on the following, amongst other conditions; " that is to say, that the purchaser should pay the purchase money, and the vendors deliver a deed for the premises within six days from the day of sale;" and that the plaintiff became the purchaser, for the sum of two hundred and thirty-three dollars; and after stating promises on each part to perform all things contained in the said conditions of sale, the plaintiff avers that he was ready and willing to perform and fulfill all things in the said conditions contained on his part to be performed and fulfilled, and to pay the purchase money and complete the purchase; and alleges

a breach on the part of the defendants, the vendors, in not delivering to him a deed, for the premises. In the second count, the plaintiff sets out that he had bargained with the defendants for a tract of land, and had promised to pay them the purchase money "on the 15th day of September, 1827, on having a good and sufficient title made to him for the said tract of land;" and that they had promised to deliver him on the said 15th day of September, a good and sufficient deed for the said tract of land; and then avers that on the said day he was ready and willing to perform all things on his part to be performed, and to pay the purchase money and complete the purchase, and alleges a breach on the part of the defendants in not delivering the deed.

The objection raised to this declaration on the demurrer is, that the plaintiff alleges only a readiness and willingness to perform by payment of the purchase money, but does not aver a performance or offer to perform or tender of the purchase money.

The doctrine on this subject is laid down with much clearness and precision by the Supreme Court of the United States, in the *Bank of Columbia* v. *Hagner*, 1 *Peters*, 464. "In contracts of this description, the undertakings of the respective parties are always considered dependent unless a contrary intention clearly appears. A different construction would in many cases lead to the greatest injustice, and a purchaser might have payment of the consideration money enforced upon him, and yet be disabled from procuring the property for which he had paid it."

"Although many nice distinctions are to be found in the books upon the question, whether the covenants or promises of the respective parties to the contract, are to be considered independent or dependent, yet it is evident the inclination of courts has strongly favored the latter construction as being obviously the most just. The seller ought not to be compelled to part with his property, without receiving the consideration, nor the purchaser to part with his money,

without an equivalent in return.    Hence, in such cases, if
'either a vendor or vendee wish to compel the other to fulfill
his contract, he must make his part of the agreement prece-
dent, and cannot proceed against the other without an actual
performance of the agreement, or a tender and refusal.
And an averment to that effect, is always made in the decla-
ration upon contracts containing dependent undertakings,
and that averment must be supported by proof."

The good sense and sound policy of the doctrine thus laid
down by the Supreme Court of the United States, will
appear on very little reflection.    The parties to a contract
for the sale of land, unless there is something peculiar in its
structure, expect and intend the performance on each part
at the same time.    The delivery of the deed and the pay-
ment of the money are to be simultaneous.    Each supposes
he is to perform upon a correspondent performance on the
other part.    Neither supposes he is bound to perform if the
other neglects or refuses, and is to resort after performance
to a remedy on the covenant.    Neither supposes he is liable
to an action by the other, when the other has not performed
'or offered to perform.    The vendor does not mean to deliver
the deed, and rely on the uncertain fruit of a suit at law for
his pecuniary recompense.    Such is the ordinary under-
standing and intention of parties, in whatever language the
scrivener may clothe their contract.    They intend to create
what are denominated concurrent or dependent covenants,
and not those called independent, where each party must
rely on the promise and not on the performance of the other.

In *Goodeson* v. *Nunn*, 4 *T. R.* 764, *Lord Kenyon* des-
scribed dependent covenants to be, " where, when the one
party conveyed his estate, he was to receive the purchase
money, and when the other parted with his money, he was
to have the estate.    They were reciprocal acts to be per-
formed at the same time."    And he laid down this rule,
" that where they are dependent, no action will lie by one
party unless he has performed or offered to perform his cove-

nant." *Sergeant Williams*, in his valuable note to *Pordage* v. *Cole*, 1 *Saunders*, 230, deduces from the cases, the following among other rules with respect to the averment in the declaration : " Where two acts are to be done at the same time, as where A. covenants to convey an estate to B. on such a day, and in consideration thereof B. covenants to pay A. a sum of money on the same day, neither can maintain an action without shewing performance of, or an offer to perform, his part, though it is not certain which of them is obliged to perform the first act; and this particularly applies to all cases of sale."

Comparing the first count of the declaration before us with these views of the rules of pleading, it is substantially defective in not averring a tender of the purchase money, an offer to perform on the part of the plaintiff. A readiness or willingness to perform was not sufficient. He should have done more. According to the condition of the contract, the purchaser was to pay the purchase money, and the vendor to deliver the deed, within six days from the day of sale. Not the slightest indication is given that the deed was to be first delivered. Both were doubtless to be performed at the same time ; or if otherwise, inasmuch, as there is nothing to require a previous delivery of the deed or to make the delivery a condition precedent to the payment of the purchase money, the vendee wishing to compel the other to fulfill his contract, should have made his part of the agreement precedent, have made a tender, and inserted an apt averment in the declaration.

The case of *Harvey* against *Trenchard*, in this court, reported in 1 *Halst.* 126, is in point. The defendant contracted to convey certain land to the plaintiff the next Wednesday, when the plaintiff was to pay him. The court said, the conveyance and the payment for it were to be done at the same time, and neither party can sue without averring performance or tender on his part. The plaintiff pretends to neither, he only says he was " ready to pay." The

same principle was sanctioned by a decision of this court, in *Stout* against *Farley*, at February term, 1816, of which I do not find any report in print, and by the earlier case of *Johnson* v. *Applegate, Coxe* 233.

There is, however, another count in this declaration, and on the part of the plaintiff it is insisted that no other averment than it contains of readiness and willingness to perform, was requisite, because, from the language of the contract there set forth, the delivery of the deed was made a condition precedent to the payment of the money. The plaintiff promised to pay to the defendants the purchase money, "on the 15th day of September, 1827, on having a good and sufficient title made to him for the said tract of land." And the defendants promised to deliver to him on that day a good and sufficient deed.

According to the settled rules for the construction of covenants, their nature and precedency depend on the meaning and intention of the parties, rather than upon particular phrases or forms of words. 3 *Halst.* 242; 2 *New. Rep.* 240; 6 *John.* 50; 2 *John.* 148. *Lord Mansfield* said: "The dependence or independence of covenants was to be collected from the evident sense of meaning of the parties." *Doug.* 689. In *Hotham* v. *E. I. Company,* 1 *D. & E.* 645, *Ashurst, J.* said: "There are no precise technical words in a deed to make a stipulation a condition precedent or subsequent. Neither doth it depend on the circumstance, whether the clause is placed prior or posterior in the deed, so that it operates as a proviso or covenant. For the same words have been constructed to operate as either the one or the other according to the nature of the transaction."

The just interpretation of the present agreement is that both acts were to be performed at the same time. As the money was to be paid on the delivery of the deed, the acts were to be simultaneous. *At* the delivery, would have equally and fairly expressed the meaning of the parties. And such will be seen to be the construction, repeatedly

sanctioned in the books, where there is nothing in either act which necessarily presupposes and requires the antecedent performance of the other. *Chief Baron Gilbert,* in his treatise on the action of debt; *Gilb. cases* 366, lays down a rule respecting executory contracts in the following manner : " If A. had promised to deliver the horse on a day to come, and B. promised on such delivery to pay ten pounds, there if A. deliver or tender the horse at the day he has a right to the money. So, if B. at the day tender or pay the money, he has a right to the horse. But B. has no right to the horse without the tender of the money, nor A. any right to the money without the tender of the horse." In *Callonel* v. *Briggs,* 1 *Salk.* 112, on an agreement to pay a certain sum of money six months after the bargain, the plaintiff transferring stock, *Lord Holt* said, " if either party would sue on this agreement, the plaintiff for not paying, or the defendant for not transferring, the one must aver and prove a transfer or a tender, and the other a payment or a tender." In *Parker* v. *Parmelee,* 20 *John.* 130, the vendor sued on a covenant for sale of land, whereby the vendee covenanted to pay the purchase money on the 1st January, 1818, and the vendor agreed that " upon the faithful performance of the covenants aforesaid,'' he would execute a deed. *Spencer, C. J.,* in delivering the opinion of the court, said : " the covenants in this case are dependent. The whole consideration money was to be paid on that day; and on the payment the deed was to be given ; the acts were to be concurrent. Then the question arises, whether the plaintiff, the vendor, can maintain this action without an actual tender or offer to convey. The averment in the declaration is only that he was ready and willing to convey." And the averment was held by the court to be insufficient. In *Green* v. *Reynolds,* 2 *John.* 207, the court say : " The one thousand dollars being in part of the consideration for the deed, and to be paid on the same day the deed was to be delivered, the fair intent and good

sense of the contract is, that the money is not to be paid until the deed is ready for delivery. The declaration therefore is defective in not averring a tender of the deed by the plaintiff." In *West* v. *Emmons*, 5 *John*. 179, the covenant of the one party was, to convey a lot of land on a fixed day, and of the other party, by whom the action was brought, to execute at the same time a bond and mortgage for the consideration money. *Vanness, J.* said: "The question is, whether the averment of the plaintiff's readiness on the day to execute the mortgage is, or is not sufficient to entitle him to maintain this action, and the decision of it will depend on the true construction of the agreement. In reason and good sense it ought not to be required of the plaintiff to seal and tender a mortgage of the property agreed to be conveyed to him before he had obtained a title to it from the defendant. And as there was therefore nothing to be done by the plaintiff which he had the power, or what in legal acceptation means the same thing, he had a right to do, the averment in the declaration is sufficient." The learned judge adds, "There are cases where both parties have the power to perform without any act being previously necessary to be done by the other. In all such cases, it is necessary that the party bringing an action should aver, if the act has not been actually performed, a tender and refusal which is equivalent to a performance." In *Glazebrook* v. *Woodrow*, 8 *D. & E.* 366, *Le Blanc, J.* said: "This is the case of a covenant for the sale of a school house, where the plaintiff covenanted to convey on or before a certain day, and the defendant on or before that day covenanted to pay him. The payment therefore, is the consideration for the conveyance, and cannot be enforced till that be made or at least offered to be made by the plaintiff." "This case falls within the rule first laid down in *Kingston* v. *Preston*, that no person shall call upon another to perform his part of a contract, until he himself has performed all that he has stipulated to do as the consideration of the other's promises. This rule, I think, applies

to every case of a sale of property where one engages to convey on a certain day, and the other to pay at the same time, and this, whether the one be stated in terms to be in consideration of the other or not. In neither case will the court compel one party to perform his part until the other has done or has offered to do his own."

In *Goodeson* v. *Nunn*, already cited, the plaintiff agreed that he would on or before the 2d of September, then next, grant, sell, release, or otherwise convey to the defendant, certain premises, in consideration whereof the defendant covenanted to pay to the plaintiff a sum of money on or before the said 2d day of September next ensuing. These were held by the court to be dependent covenants, to be performed at the same time, and *Lord Kenyon* said, "If they be dependent covenants, performance, or the offer to perform, must be pleaded on the one part, in order to found the action against the other."

The plaintiff's counsel, justly appreciating the value of approved precedents, refers to those in 2 *Chitty* 125, and in *Plowd.* 180, to support this declaration. The former, however, it will be observed, is on a contract of a peculiar nature. "The good title" which was to have been made out at the expense of the vendor, and the failure to perform, which is the ground work of the action, is not the same thing as "the proper conveyance" which was to have been made at the purchaser's expense. And in the latter precedent, the money was by the express terms of the agreement, "to be paid immediately *after* the delivery of the wheat."

Upon the whole, although it must be admitted there is some incongruity in the cases in the books on this subject, and to reconcile them all would, if attempted, be found a difficult task, it appears to us that in the case before us and upon the terms of the contract stated in either count of this declaration, a readiness or willingness on the part of the plaintiff to perform his part of the contract was not sufficient. To entitle him to maintain an action, he should have done

St Mary's Church v. Wallace.

more, he should have performed, or offered or attempted to perform his part. And consequently the declaration should have contained a suitable averment.

We find no error, therefore, in the judgment of the Court of Common Pleas.

Judgment affirmed.