The
Chief Justice
delivered the opinion of the court.
This case comes before us on a writ of error to the inferios Court of Common Pleas of the county of Salem, upon a judgment rendered by that court in favor of the defendants below, hlso defendants here, on a demurrer to the declaration.
The declaration is on a contract for the sale of land by the defendants to the plaintiff, and contains two counts. In the first count after reciting a sale at public auction on the following, amongst other conditions ; “ that is to say, that the purchaser should pay the purchase money, and the vendors deliver a deed for' the premises within six days from the day of sale” ; and that the plaintiff became the purchaser, for the sum of two hundred and thirty three dollars; and after stating promises on each *305 part to perform all things, contained in the said conditions of sale, the plaintiff avers, that he was ready and willing to perform and fulfil all tilings in the said conditions contain;!.! on his part to be performed aa‘d fulfilled, and to pay the purchase money and complete the purchase 3 and alleges a breach on the part of dis doicndnntei, the vendors, in not delivering to him a deed, for the premises. In the second count, the plaintiff sets out that tie had bargained with the defendants fora tract of land, and had promised to pay them the purchase money, “ on the ISdi day of September 1SS7, on having a good sad sufficient title ruado to him for the said tract of taod” ; and that they had promised to deliver him on the said 15th day of September, a good and sufficient deed for the said tract ol laud 3 and then avers that 011 the said day he was ready and willing to perform all tilings on his part to be .performed, and to pay the purchase money and complete the pinchase, and alleges a breach on the part of the defendants in not delivering the deed.
TUn objection raised to this declaration on the demurrer iss that the plaintiff alleges only a readiness and willingness to perform by payment of the purchase money, but does not aver a performance or offer to perforin or tender of the purchase money»
The doctrine cm this subject is kid down with much dearness and precision by the Supreme Court of tins United States in the Bank of Columbia v. Hagner, 1 Peters 464. “ In contracts of this description, the undertakings of the respective parties Are always considered dependent unless a contrary intention clearly appears. A different construction would in many cases lead to the greatest injustice, and a purchaser might have payment of the consideration money enforced upon him, and yet be disabled from procuring the property for which lie liad paid it.”
“ Although many nice distinctions are to be found in the hooks upon the question, whether the covenants or promises of the respective parties to the contract, are to be considered independent or dependent, yet it is evident the inclination of courts has strongly favored the latter construction as being obviously the most just. The seller ought not to be compelled to part with Ms property, without receiving the consideration, nor the pur-chaser to part with his money, without an equivalent in return» Hence, iu such cases, if either a vendor or vendee wish to romnel the other to fulfil his contract, he must make his part of *306 the agreement precedent, and cannot proceed against the othes without an actual performance of the agreement, or a tender and refusal. And an averment to that effect, is always made in the declaration upon contracts containing dependent undertakings,, and that averment must be supported by proof.”
The good sense and sound policy of the doctrine thus laid down by the Supreme Court of the United States, will appear on very little reflection. The parties to a contract for the sale ofland, unless there is something peculiar in its structure, expect and intend the peí formalice on'each part at the same lime. The delivery of the deed and the payment of the money are to be simultaneous. E&ch supposes he is to perform upon a correspondent perfor - mance on the other part. Neither supposes he is bound to perforin if the other neglects or refuses, and is to resort after performance to a remedy on the covenant. Neither supposes he is liable to an action by the other, when the other has not performed or offered to perform. The vendor does not mean to deliver the deed, and rely on the uncertain fruit of a suit at law for his pecuniary recompense. Such is the ordinary understanding and intention of parties, in whatever language the scrivener may clothe their contract. They intend to create what are denominated concurrent or dependent covenants, and not those called independent, where each party must rely on the promise and not on the performance of the other.
In Goodeson v. Nunn, 4 T. R. 764, Lord Kenyon described dependent covenants to be, “ where, when the one party conveyed his estate, he was to receive the purchase moneys and when the other parted with his money, he was to have the estate. They were reciprocal acts to be performed at the same time.” And he laid down this rule, “ that where they are dependent, no action will lie by one party unless he has performed or offered to perform his covenant.” Sergeant Williams in his valuable note to Pordage v. Cole, 1 Saunders 230, deduces from the cases, the following among other rules with respect to the averment in the declaration s “Where two acts are to be done at the same time, as where A. covenants to convey an estate to B„ on such a day, and in consideration thereof, B. covenants to, pay A. a sum- of money on the same day, neither can maintain an action without shewing performance, of, or an offer1 to perform, his part, though it is not certain which *307 if them is obliged to perform the first act 5 and tins particularly applies to all cases of sale.”
Camparme: the first count of the declaration before us with these views of the rules of pleading, it is substantially defective m not averring a tender of the purchase money, an offer to perform on the part of die plaintiff. A readiness or willingness to perform was not sufficient. Hp should have done more. Aocordins; to the condition of the contract, the pmcisaher was to pay the purchase money, and the vendor to deliver the deed, within six days from the day of sale. Not the slightest, indication is given that the deed was to be first delivered. Both were doubtless to be performed at the same time; or if otherwise, inasmuch, as there is nothing £0 require a previous delivery of the deed or to make the delivery a condition precedent to the payment of the purchase money, tbs vendee wishing to compel the other to fulfil his eorntrao!, should have made his part of the agreement precedent, have spado a tender, and inserted an apt averment in the declaration.
The case of Harvey against Tt cuchará, in this court, reported in 1 Halst. 126, is in point. The defendant contracted to convey certain land £0 the plaintiff the next Wednesday, when ib® plaintiff was 10 pay him. The court said, the conveyance and the payment for it were to bo done at the same time, and neither party cau sus without averring performance or tender on his psFS. The plaintiff pretends to neither, he only says he was il ready to pay.” The same principle was sanctioned by a decision of this court, in against Farley, at February term 1816, of which I do not find tiny report in print, and by the earlier case of Johnson v. Applegate, Coxe 233.
There is, however, another count in this declaration, and on the part of the plaintiff it is insisted that no other averment than it contains of readiness and willingness to perform, was requisite, because, from the language of the contract there set forth, the delivery of the deed was made a condition precedent to the payment of the money. The plaintiff promised to pay to the defendants the purchase money, <É on the 15th day of September, 1827, on having a good and sufficient title made to him fo? She said tract of land.” And the defendants promised to deliver to him on that day a good and sufficient deed.
According to the settled rules for the construction of coree *308 nants, their nature and precedency depend on the meaning ani intention of the parties, rather than upon particular phrases or forms of words. 3 Halst. 242; 2 New. Rep. 240; 6. John. 50; 2 John. 148. Lord Mansfield said: “The dependence or in» dependence of covenants was to be collected from the evident sense of meaning of the parties.” Doug. 689. In Hotham v. E. I. Company, 1 D. & E. 645, Ashurst, J. said: 6‘ There are no precise technical words in a deed to make a stipulation a con» dition precedent or subsequent. Neither doth it depend on the circumstance, whether the clause is placed prior or posterior i‘k the deed, so that it operates as a proviso or covenant. For the same words have been constructed to operate as either the one or the other according to the nature of the transaction.”
The just interpretation of the present agreement is that both acts were to be performed at the same time. As the money was to be paid on the delivery of the deed, the acts were to be simul» taneous. Jit the delivery, would have equally and fairly expressed the meaning of the parties. And such will be seen to be the con» struction, repeatedly sanctioned in the books, where there is nothing in either act which necessarily presupposes and requires the antecedent performance of the Other. Chief Baron Gilbert,, in his treatise on the action of debt; Gilb. cases 386, lays down a rule respecting executory contracts in the following manner; “If A. had promised to deliver the horse on a day to come, and E. promised on such delivery to pay ten pounds, there if A. deliver or tender the horse at the day he has a right to the money. So, if B. at the day tender or pay the money, he has a right to the horse. But B. has no right to the horse without.the tender of the money, nor A. any right to the money without the tender of the horse.” In Callonel v. Briggs, 1 Salk. 112, on an agree» ment to pay a certain sum of money six months after the bargain, the plaintiff transferring stock, Lord Molt said, " if either party would sue on this agreement, the plaintiff for not paying, or the defendant for not transferring, the one must aver, and prove a transfer or a tender, and the other a payment or a tender.” In Parker v. Parmele, 20 John. 130, the vendor sued on a cove» nant for sale of land, whereby the vendee covenanted topay the purchase money on the 1st January 1818, and the vendor agreed that “ upon the faithful performance of the covenants aforesaid,” he w- uid execute a deed. Spencer, C. J. in deliver'- *309 log ihff opinion of the court, said s se the covenants in this case are dependent. Tho whole consideration mosey was to he paid on that day ; and on tho payment the deed was to be given 5 tho acta were to he concurrent. Then the question, arises, whether the plaintiff, the. vendor, can maintain this action without an actual ¡tender or oiler to convey. The averment in the declaration is only that he was ready and willing to convey,” And tho aver-snout was held by the court to be insufficient. In Green v. Renolds, 2. John. 207, the court say ; “ The one thousand dollars being its part of the consideration for the deed, and to be paid on dio samo day the deed was to bo delivered, the fair intent and good sense of the contract is, that the money is not to bo paid until tho deed, is ready for delivery. The declaration therefore is defective in not, averring a tender of tho deed by the plainviff.” In Werd v. Emmons, 5 John. 179, tho covenant of the one party was to convey a, lot of land on a fixed day, and of the other party, by whom the action was brought, to execute at tire# same time a bond and mortgage for tho consideration loom y. Wmtms, J- said ; “ The question is, whether the averment of ¡¡be plaintiff’s readme?? on the day to execute the mortgage is, or is not sufficient to entitle him to maintain this action, and the decision of it will depend on the true construction of the agreement In reason and good sense it ought not to be required of die plaintiff to seal and tender a mortgage of the property agreed ■io be conveyed to him before he had obtained a title to it from ibe defendant. And as there was therefore, nothing to be dono by the plaintiff which he had the power, or what in legal acceptation means the same thing, he had a right t» do, the averment sn the declaration is sufficient.” The learned judge adds, “ There are cases where both parties have the power to perform without any act being previously necessary to he done by the other. la all such eases, it is; necessary that the party bringing an action should aver, if the act has not been actually performed, a tender and refusal which is equivalent to a performance.” In Glazebrook v. Woodrow, 8 D. & M. 366, Le Blanc, J. said 1 “ This is the ease of a covenant for the sale of a sciiool house, where idle plaintiff covenanted to convey on or before a certain day, and the defendant on or before that day cove-named to pay bins. The payment therefore, is the consideration for the conveyance, «lid cannot be enforced till that be made or at least offered to bo *310 made by the plaintiff.” “ This case, falls within the rule first laid down in Kingston v. Preston, that no person shall call upon another to perform his part of a contract, until he himself has performed all that he has stipulated to do as the consideration of the other’s promises. This rule, I think, applies to every case of a sale of property where one engages to convey on a certain day, and the other to pay at the same time, and this, whether the one be stated in terms to be in consideration of the other or not. In neither case, will the court compel one party to perform his part until the other has done or has offered to do his own.”
In Goodeson v. Nunn, already died, the plaintiff agreed that he would on or before the 2d of September, then next, grant, sell, release, or otherwise convey to the defendant certain premises, in consideration whereof the defendant convenanted to pay to the plaintiff a sum of money on or before the said 2d day of September next ensuing. These were held by the court to be •dependent covenants, to be performed at the same time, and Lord Kenyon said “ If they be dependent covenants, performance, or the offer to perform, must be pleaded on the one part, in order to found the action against the other.”
The plaintiff’s counsel, justly appreciating the value of approved precedents, refers to those in 2 Chitty 125, and in Plowd. 180, to support this declaration. The former, however, it will be observed, is on a contract of a peculiar nature. “ The good title” which was to have been made out at the expense of the vendor, and the failure to perform which is the ground work of the action, is not the same thing as “ th.e proper conveyance” which was to have been made at the purchaser’s expense. And in the latter precedent, the money was by the express terms of the agreement, “ to be paid immediately after the delivery of the wheat.”
Upon the whole, although it must be admitted there is some incongruity in the cases in the books on this subject, and to reconcile them all would, if attempted, be found a difficult task, it appears to us that in the case before us and upon the terms of the contract stated in either count of this déclaration, a readiness or willingness on the part of the plaintiff to perform his part of the contract was not sufficient. To entitle him to maintain an action, he should have done more, he should have performed, or *311 offered or attempted to perform hi;, part. And consequently, the declaration should have contained a suitable averment.
We find no error therefore, iu the judgment of the Court of Common Fleas.
Judgment affirmed.