VAN SCHAICK *vs.* WINNE and others, executors, &c.

A complaint alleged that on the 18th of Oct. 1842, one S. made and executed to the plaintiff an instrument under seal, by which, in consideration of the sum of $4050, to be paid to him on the 1st day of Nov. then next, he agreed to convey to the plaintiff a certain lot of land; $500 of said sum to be paid in cash, $500 by an indorsed note at ninety days, and the residue secured by bond and mortgage upon the premises, payable in six semi-annual installments. Possession to be given on the 1st of November. That an indorsement was made upon this agreement, executed by W., the defendants' testator, by which, in consideration of one dollar to him paid by the plaintiff, W. guarantied the fulfillment of the contract by S. The complaint

then alleged that on the day of the execution of the agreement and guaranty the plaintiff paid to S. $500, " *and was ready and willing to fulfill his obligations by virtue of said instrument;*" that such proceedings had been had, at law, against S., on account of his failing to fulfill his obligations, that in March, 1844, the plaintiff recovered a judgment against him for $526,84, which, owing to the insolvency of S. still remained unsatisfied. And the plaintiff claimed that, by virtue of the guaranty, the defendants, as the executors of W., were liable to them for the amount of the judgment recovered against S. *Held,* on demurrer, that the agreement was to be executed on both sides at the same time, by concurrent acts of the parties, and that neither party could maintain an action upon it without showing performance, or an offer to perform, on his part.

*Held also,* that the absence of any averment that the plaintiff offered to perform the agreement on his part, or that he requested S. to convey, or that he gave him notice of his readiness to perform, was a fatal defect in the complaint.

*Held further,* that the averments in the complaint, that S. "failed to fulfill his obligations by virtue of said instrument," was not a sufficient allegation of a breach of the agreement by S. That the plaintiff should have stated *the facts* showing a breach by S., instead of alleging a conclusion of law arising from the facts.

*It was also held,* that the allegation in the complaint, of the recovery of a judgment against S. "on account of his failure to fulfill his obligations," was not a circumstance of which the plaintiff could avail himself, to establish the defendants' liability; but that the facts showing the failure of S. must be averred, and proved, before the estate of the guarantor could be charged for the default of S.

DEMURRER. The complaint stated that on the 18th of October, 1842, one Arthur C. Southwick, assignee of Jacob L. Winne, made and executed to the plaintiff an instrument under seal, of which the following is a copy : " In consideration of the sum of $4050 to me to be paid on the first day of November next, I hereby agree to convey to John Van Schaick, of the city of Albany, the premises in Jackson-street lately occupied by Jacob L. Winne as a soap and candle manufactory, as conveyed to him by the State Bank, by deed bearing date the 1st day of April, 1839, and recorded in book No. 67 of deeds, pages 81, &c. July 29, 1839 ; said sum of $4050 to be paid as follows, viz : $500 thereof in cash; $500 by note at ninety days, with approved indorsement, and the residue secured by bond and mortgage upon said premises, payable in six semi-annual install-

Van Schaick *v.* Winne.

ments from the first day of November next, with interest on the whole sum remaining due and unpaid, payable semi-annually from said time. Possession to be given on said first day of November. Witness my hand and seal this 18th day of October, 1842. ARTHUR C. SOUTHWICK." [L. S.]

Upon this agreement was indorsed an instrument, executed by the defendant's testator, in the words and figures following:

"In consideration of one dollar to me in hand paid by John Van Schaick, I guaranty the fulfillment of the within contract on the part of Arthur C. Southwick. Witness my hand and seal, this 18th day of October, 1842. JOHN L. WINNE." [L. S.]

The plaintiff alleged that on the day of the execution of these instruments he paid to Southwick $500 in pursuance of the terms thereof, "*and was ready and willing to fulfill his obligations by virtue of said instrument;*" that such proceedings had been had, at law, against Southwick, on account of his failing to fulfill his obligations under said instrument, that, on the 18th of March, 1844, the plaintiff recovered a judgment against him for $526,84, but that, owing to his insolvency, the judgment still remained unsatisfied. The plaintiff then claimed that, by virtue of the guaranty, the defendants as the legal representatives of John L. Winne, the guarantor, were liable to the plaintiff for the amount of the judgment against Southwick with interest; for which sum he demanded judgment.

The defendants demurred to the complaint and specified *eighteen* grounds of demurrer, all of which amounted in substance to the general ground of demurrer specified in the code, that the complaint did not state facts sufficient to constitute a cause of action against the defendant. The issue of law thus made having been argued at a special term, judgment was rendered for the plaintiff. From this judgment the defendants appealed.

*Thomas Smith,* for the plaintiff.

*L. Birdseye,* for the defendants.

*By the Court,* HARRIS, J. The technical rules for the construction of executory agreements, which once prevailed, have

Van Schaick *v.* Winne.

been abandoned, and now such instruments are to be interpreted according to the clear intent and understanding of the parties. Adopting this principle of construction, there is no difficulty in determining what effect should be given to the agreement upon which this action is founded. It was executory on both sides. It was to be executed on both sides by concurrent acts. South-wick was to sell, and convey and deliver the possession of the premises. The plaintiff was to pay, and secure the stipulated price. All this was to be done at the same time. Neither was to trust to the personal responsibility of the other. The day fixed for a full performance by both parties was the first of No-vember. On that day, each party was bound to be ready to do what he had agreed to do.

Such an agreement obviously belongs to the fifth class of cov-enants contained in the celebrated note of Sergeant Williams to *Pordage* v. *Cole*, (1 *Saund.* 320.) " Where two acts are to be done at the same time, as where A. covenants to convey an es-tate to B., on such a day, and in consideration thereof B. cove-nants to pay A. a sum of money on the same day, neither can maintain an action, without showing performance of, or an offer to perform, his part, though it is not certain which of them is obliged to do the first act : and this particularly applies to all cases of sale." The same rule is stated more briefly by Savage, Ch. J. in *Tompkins* v. *Elliot*, (5 *Wend.* 496.) " Where two acts are to be done at the same time," he says, " neither party can maintain an action without showing performance, or an offer to perform, on his part."

In *West* v. *Emmons*, (5 *John.* 179,) an agreement had been executed on the 7th of April, 1807, wherein the defendant had covenanted to execute to the plaintiff, on or before a specified day, a deed of a certain lot of land, and the plaintiff had cove-nanted, that upon the execution of the deed, he would secure the purchase money by his bond, and a mortgage upon the prem-ises. The purchaser sued the vendor for not conveying accord-ing to his agreement, and averred his readiness to execute the bond and mortgage, and that although he had, at the time speci-fied in the agreement, requested the defendant to execute the

Van Schaick *v.* Winne.

deed, he had not done so.   Upon demurrer to the declaration it was held that the averment of the plaintiff's readiness to perform on his part, and that the defendant was requested to execute the deed, and had refused, was all that was necessary to maintain the action.   The plaintiff's averment in this case falls short of that in *West* v. *Emmons,* in one essential particular.   The plaintiff says he was ready and willing to fulfill his obligations by virtue of the instrument.   Assuming that this is a sufficient averment of the fact that, at the day specified, he was ready and willing to pay for the property to be conveyed, according to the terms of his agreement, which is certainly quite as much as the plaintiff can claim for his allegation, there is no averment that he offered to perform the agreement on his part, or that he requested Southwick to convey; or that he gave him notice of his readiness to perform.   The omission of any such averment is, it seems to me, a fatal defect in the plaintiff's case.   The performance of the agreement by each party was, as we have seen, the condition of the performance by the other.   Thus, the undertakings of the parties were mutually dependent.   Southwick was not obliged to part with the property without receiving the stipulated consideration; and, on the other hand, the plaintiff was not bound to part with his securities, or even to execute his bond and mortgage, until he received an equivalent in the conveyance of the premises.   Under such circumstances, either party desiring to compel the other to perform on his part, must make his own part of the agreement a condition precedent, and allege a performance, or something equivalent thereto.   Such an averment is essential to the cause of action, and must be supported by proof.   This principle is stated with great clearness and simplicity in *Callonel* v. *Briggs,* (1 *Salk.* 112.)   The agreement was, that the defendant should pay so much money, six months after the bargain, the plaintiff transferring stock.   The plaintiff at the same time gave a note to the defendant to transfer the stock, the defendant paying, &c. *Et per Holt, Ch. J.* " If either party would sue upon this agreement, the plaintiff for not paying, or the defendant for not transferring, the one must *aver and prove a transfer or a ten-*

*der*, and the other, a *payment or a tender.*" Chitty also says, " Where the acts to be performed by each party are mutual, and to take place at the same time, the plaintiff should not only aver a readiness to perform his act, but also a *notice of such readiness*, or insert some other allegation to dispense with it." (1 *Chit. Pl.* 329, *tit. Averment of Notice. See also Green* v. *Reynolds*, 2 *John.* 207 ; *Porter* v. *Rose*, 12 *Id.* 209.) In this respect, at least, the complaint fails to state a cause of action. It may well be, that Southwick, like the plaintiff, was *ready and willing* to perform his obligations according to the agreement. As the acts to be performed were *concurrent* acts, what would be equivalent to a performance by one party, would be equally so for the other. If, then, it is sufficient for the plaintiff to aver that he was ready and willing to perform on his part, without averring an offer to perform, or notice of his readiness, the defendant, too, may answer that Southwick was also ready and willing, although he neither tendered a performance nor gave notice that he was ready to perform. Or, if the plaintiff may maintain an action for the non-performance of Southwick, upon such an averment, might not a similar action upon the same averment be also maintained against the plaintiff? Thus, the absurdity would be presented, of each party to a contract containing mutual and dependent conditions, alleging what is equivalent to performance on his part, and maintaining an action against the other for a failure to perform his part of the agreement.

Assuming therefore, that all the averments in the complaint are true, enough is not shown to put Southwick in default. He may, for any thing that appears to the contrary, have been as ready and as willing to perform the agreement on his part, as was the plaintiff.

Nor has the plaintiff sufficiently alleged a breach of the agreement by Southwick. The only averment in this respect is, that Southwick " failed to fulfill his obligations by virtue of said instrument." Whether he " failed to fulfill his obligations," or not, is a conclusion of law, to be derived from the facts, when they are made to appear. It is not an issuable fact. The plaintiff

Van Schaick *v.* Winne.

should have stated such facts as, if controverted, he intended to prove, to show a breach of the agreement by Southwick; as, that he had refused or omitted to execute the deed; and, having stated the facts which he was advised were sufficient to show Southwick in default, the defendant would have had the right to controvert them, or, if he denied that they were sufficient to constitute a breach, he might, by demurrer, have taken the judgment of the court upon that question. The office of pleading is to apprise the opposite party of the facts upon which the pleader relies to sustain his cause of action, or his defense. Nothing which does not tend to this end properly belongs to a pleading. To say that Southwick has "failed to fulfill his obligations," is no more than saying that he has broken his contract, or that the plaintiff is entitled to judgment. It involves no question of fact. It is merely the plaintiff's inference from a state of facts which he has not thought fit to disclose. He has not therefore, stated the facts which, according to his own views, constitute his cause of action. See *Boyce* v. *Brown*, (7 *Barb.* 80;) *Russell* v. *Clapp*, (*Id.* 482;) *Whittaker's Practice*, 161, where the cases on the subject are collected and the rule is correctly stated to be that "the facts themselves, as they really occurred, and not the legal conclusions to be drawn from them, ought, in all cases, to be pleaded."

Nor is the recovery of a judgment against Southwick "on account of his failing to fulfill his obligations," a fact, of which the plaintiff can avail himself to establish the defendants' liability. Their testator undertook that Southwick should fulfill his contract with the plaintiff. If he has not done so, the facts which show his failure must be averred and proved, before the estate of the guarantor can be charged for his default. How the judgment came to be recovered against Southwick, is a matter which does not concern the defendants. It may have been on the ground that the contract had been waived or rescinded, and thus Southwick had made himself liable to refund the money he had received. It may have been recovered through neglect, or by collusion. It is enough to say, that the defendants have not undertaken to be bound by any such recovery. They can

only be made liable by establishing a breach of their own contract, and that can only be done by showing that Southwick has not kept his contract with the plaintiff. It was for this, and this only, that their testator undertook.

For all these reasons, I am of opinion that the plaintiff has failed to state in his complaint a sufficient cause of action. The judgment of the special term should therefore be reversed, and judgment rendered for the defendants upon the demurrer, but with liberty to the plaintiff to amend his complaint, upon payment of costs.

