## SUPREME COURT.

### FICKETT agt. BRICE.

Where the *contract* as averred in the complaint was, "that the defendant agreed with the plaintiff to manufacture in a good, skilful and workmanlike manner, and deliver to the plaintiff 50,000 slats and 4,500 frames, for which the plaintiff agreed to pay the defendant $470,"

*Held*, that the contract not stating any time within which the work was to be done and delivered, nor when payment was to be made, the law supplied these omissions—the defendant was entitled to a *reasonable time* within which to manufacture and deliver, and the plaintiff bound to pay *on delivery;* the conditions being mutually binding.

No action can be sustained by either party for a breach of such a contract without averring in the complaint and proving on the trial, (unless admitted,) *performance or tender of performance* on the part of the party seeking a recovery.

*Saratoga Special Term, November,* 1861.

DEMURRER to the fourth count or. cause of action stated in the complaint.

DAVIS & HARRIS, *for plaintiff.*
S. BROWN and E. RIGGS, *for defendant.*

BOCKES, Justice. By this count the plaintiff alleges that the defendant, on the 20th July, 1859, at Glens Falls, promised and agreed with the plaintiff to manufacture in a good, skilful and workmanlike manner, and deliver to the plaintiff 50,000 slats and 4,500 frames for elliptic spring beds, at the price of $475, for which the plaintiff agreed to pay the defendant $470. That defendant did manufacture under said agreement, $4,394\frac{1}{2}$ frames, and 37,580 slats; but manufactured them in an unskilful and unworkmanlike manner, to his damage $339.70.

· The defendant demurred, specifying as grounds of demurrer: *first,* that several causes of action were improperly united, and were not separately stated and numbered; *second,* that facts were not stated in this count sufficient to constitute a cause of action.

The first ground of demurrer is not now urged; and, were it insisted on, is clearly untenable. Only one cause of action is attempted to be set forth in the fourth count; nor is it a ground of demurrer that causes of action are not separately stated and numbered. (9 *How.,* 436; 9 *id.,* 123; 17 *id.,* 239.) The cases holding the reverse of this are not now followed.

Does this count state facts sufficient to constitute a cause of action?

This count presents a discrepancy in the sum to be paid for the frames and slats. It is first alleged that the defendant ageed with the plaintiff to manufacture and deliver them " at the price of four hundred and seventy-five dollars"; and then further alleges that " the plaintiff agreed

to pay the defendant therefor the sum of four hundred and seventy dollars."

It is quite probable that this is a mere error of the copyist, and undoubtedly should be so treated. The demurrer should not be sustained on this ground.

The defendant insists that no valid contract or breach of contract is stated.

It is averred that the defendant agreed with the plaintiff to manufacture in a good, skilful and workmanlike manner, and deliver to the plaintiff, 50,000 slats and 4,500 frames, for which the plaintiff agreed to pay the defendant $470.

This is the entire contract as stated in the count of the complaint demurred to. No time is stated when or within which the slats and frames were to be manufactured and delivered; nor is it stated at what time payment was to be made. But the law supplies these omissions. The defendant had a reasonable time within which to manufacture and deliver; and the defendant was entitled to payment on delivery. When no time is fixed for the performance of a contract, it must be within a reasonable time. (*Story on Contract, sec.* 970.) And when the promise of one party is the consideration of the promise of the other, the promises are concurrent and mutual, and unless otherwise determined by the parties, both are bound to perform at the same time. So in law the contract stands the same as if it had been expressly stipulated in the contract that the defendant should have a reasonable time within which to manufacture and deliver the slats and frames, and that the plaintiff would pay $470 on delivery. A valid contract is therefore stated in the complaint.

This brings us to the question whether the plaintiff has averred enough to authorize a recovery on this contract.

There is no allegation that the plaintiff has performed the agreement, or tendered performance on his part; nor that the defendant did not manufacture and deliver the frames and slats in due time. But the only breach assigned

is, that he manufactured 4,394½ frames, and 37,580 slats, in an unskilful and unworkmanlike manner.

By the contract, the parties were mutually bound; the defendant to manufacture and deliver the frames and slats, and the plaintiff to pay therefor on delivery. Delivery and payment were to be concurrent and dependent acts. As was said in *Dunham* agt. *Mann*, (4 *Seld.*, 508, on *p.* 513,) the obligations to deliver on the one part and to pay on the other, were mutual and dependent. In such case neither party can maintain an action against the other for a breach of contract, without showing performance or an offer to perform on his part. (12 *John.*, 209 ; 16 *John.*, 267 ; 20 *John.*, 130 ; 5 *Cow.*, 404 ; 11 *Wend.*, 67 ; 3 *Denio*, 363 ; 12 *Barb.*, 502 ; *same case in court of appeals*, 1 *Kern.*, 453 ; 15 *Barb.*, 359, *on page* 362 ; 16 *Barb.*, 89 ; 21 *Barb.*, 324 ; 2 *Comst.*, 408 ; 4 *Seld.*, 508 ; 1 *Saund.*, 320 ; 2 *Pick.*, 155 ; 21 *N. Y. R.*, 397 ; 20 *N. Y. R.*, 423 ; 20 *N. Y. R.*, 486.)

RUGGLES, J., in *Dunham* agt. *Mann*, (14 *Seld.*, 508, *page* 513,) says : Whichever party seeks to enforce the contract against the other, must show performance or tender of performance. Until that be shown, he is himself in default. DENIO, J., in *Tipton* agt. *Feitner*, (20 *N. Y. R.*, 425, says— when remarking on contracts the conditions of which are concurrent and dependent—that neither party can sue for a breach without having offered performance on his part.

. Several of the cases cited were on demurrer to the complaint. Such was *Lester* agt. *Jewett*, reported in 12 *Barb.*, 502, afterwards decided in the court of appeals, (1 *Kern.*, 453.) In this case, the first, second, fourth and fifth counts were held insufficient, for the reason that they did not contain any allegation of an offer or tender of performance on the part of the plaintiff.

An averment of readiness and willingness to perform, is not sufficient in case performance of the conditions are mutual and concurrent. (*See cases cited.*)

The action is for a breach of the agreement. The con-

ditions of the agreement were mutual and concurrent. The cases are full to the effect that no action can be sustained by either for a breach of the agreement, without averring in the complaint and proving on the trial, (unless it be admitted,) performance or tender of performance on the part of the party seeking a recovery.

The fourth count, to which the demurrer is interposed, is therefore insufficient, for the reason that it contains no averment of performance, or of an offer to perform on the part of the plaintiff.

The defendant is entitled to judgment on the demurrer, with costs.