Opinion delivered August 3, 1874, by
Walker, J.
Exception to the confirmation of the auditor’s report in this case has been filed by Benjamin F. Taylor, on part of the Pottsville Safe Insurance and Trust Company; and the chief question raised by it is, whether the renewal of these promissory notes constitutes a payment of the debt for which the first notes were given.
As ruling this the counsel for the exceptant refers to Musgrove v. Gibbs, 1 Dallas, 216, and Slaymaker v. Gundacker, 10 S. & R. 82, which seem to sustain him, and in the absence of other and recent decisions should govern.
But the true rule appears to be as stated by Chief Justice Tilghman, in Hart v. Boiler, 15 S. & R. 162, “that if a person indebted to another on a note, gives him a new note for the same sum, without a new consideration, it shall not be deemed a satisfaction of the first, unless so accepted; but whether so accepted, is a matter of fact for the jury.” See opinion of Huston, J., in Hacker v. Perkins, 5 Wharton, 109, to same effect. See also Estate of Davis and Desauque, 5 Wharton, 537.
In Weakly v. Bell, 9 Watts, 280, Judge Kennedy tells us “the general rule seems to be that if one indebted to another by simple contract gives his creditor a promissory note, drawn by himself, for the same amount, without any new consideration, the new note shall not be deemed a satisfaction of the original debt, unless so intended and accepted by the creditor.”
*59 And this very language Judge Woodward has adopted in McIntyre v. Kennedy et al., 5 Casey, 451.
As ruling the point that the giving of a note is not an extin-guishment or payment of a preceding or antecedent debt, unless it is expressly agreed to be so. See American Leading Cases, vol. 2, p. 265 to 309 ; Tobey v. Barber, 5 Johnson, 68 ; Kephart v. Butcher, 17 Iowa, 240 ; Hopkins v. Boyd, 11 Maryland, 107 ; Keniston v. Avery, 16 New Hampshire, 113 ; Roades v. Barnes, 1 Burr. 9 ; Walkins v. Hill, 8 Pick. 522 ; Cumber v. Wane, 1 Stra. 426; Gordon v. Price, 10 Ired. 385.
Where a note was paid by a forged indorsement and the original note destroyed, and a second forged indorsement was used to take up the second note, it was held that the taking the last two notes in renewal did not extinguish the original note. Ritter v. Singmaster, 23 P. F. S. 400. A note is not the debt itself, but the mere evidence of it. And upon the meaning of the word reneioal the Supreme Court says, in the appeal of the Bank of Commerce, 8 Wright, 433, adopting the language of the court below, “I understand a renewal to be a new security given for a debt due or falling due, in fact substituting one security for another, whether it is the same debt.” “If the securities now held are notes or securities given for the same debt, they are renewals.”
In Hartley v. Kirlin et al., 9 Wright, 57, the court say the jury have found that the old ones (notes) were actually taken up and paid by funds that were not the proceeds of the new notes ; and we agree with the court below that in such a ease the new notes cannot be considered as a renewal of the old notes and a continuance of the old debt.
See also Gault v. McGrath, 8 C. 392. The agreement or intention of the parties is a fact for the jury. Brown v. Scott, 1 P. F. S. 357 ; Oliphant v. Church, 7 H. 318 ; Seltzer v. Coleman, 8 C. 493 ; Kean v. Dufresne, 3 S. & R. 233 ; Reed v. Defenbaugh, 12 Harris, 495 ; Jones v. Johnson, 3 W. & S. 276 ; Collier Ex’s v. Leech, 5 C. 404 ; Schollenberger v. Seldonridge, 13 Wright, 83 ; Dougherty v. Hunter, 4 P. F. S. 380. As bearing upon renewals and usury paid, see Eyre v. Yohe, 17 P. F. S. 477.
We have discussed this point because it has been raised and relied upon by the exceptant, not because we think it vital to the case. For whether the renewals of the notes in question be pay *60 ment or not depend upon the intention and agreement of the parties, as the Supreme Court have repeatedly said; and these are facts for a jury, and not for the court (unless brought within the provision of the new Constitution) ; and as the auditor has found these facts in Burd Patterson’s estate, which testimony has been agreed to be considered evidence in the present case, his finding is equivalent to a verdict of a jury and settles the question. Bradford’s Appeal, 5 C. 513; White’s Appeal, 12 C. 134.
The next question growing out of the exception is that the auditor *erred in not awarding to the Pottsville Safe Insurance and Trust Co. their distributed share or moneys advanced to Joseph Patterson, over and above the amount allowed in Burd Patterson’s estate.
The true amount advanced cannot be ascertained from the testimony. Indeed, Mr. Taylor, himself, cannot state the amount. This is the difficulty now, and was before the auditor. But this is a contested fact which might have been determined, if the excep-ant had desired, in an issue framed in the Orphans’ Court and certified into the Common Pleas, under the 55th section of the Act of 29 March, 1832, P. Laws 208, Pur. Dig. 1108, pl. 45. Mothland v. Wireman, Admr., 3 Pa. 158 ; Rife v. Galbreath, 3 Pa. 204 ; Cobb v. Burns, 11 P. F. S. 278. But this was before the auditor and was decided by him.
There is no error of law in the report, which we conceive, and there are no facts verified under the rule of court which would authorize us in disturbing the report and ordering another distribution.
For these reasons the exception is overruled and the report of the auditor confirmed, and distribution directed to be made by the trustee, as set forth in the report.