ALBANY,
August, 1805.

Strong & Udall
v.
Smith.

Selah Strong and Richard Udall, Guardians of the Person and Estate of William Nicoll, an Infant, *against* Silas Smith.

A traverse may be taken to any number of facts, if the whole of those facts make only one point necessary to a defence or claim, for a point in law is not confined to a single fact.

TRESPASS for breaking the plaintiffs' close at *Islip*, in the county of *Suffolk*, to which the defendant pleaded, 1st. That the *locus in quo* was the freehold of the trustees of the freeholders and commonalty of the town of *Huntington*, by whose command he entered. 2d. That the trustees being seised in fee of the *locus in quo*, demised to him for a year.

Replication to the first plea, that the close was the freehold of *William Nicoll*, in the possession of the plaintiffs as

ALBANY.
August, 1805.

Strong & Udall
v.
Smith.

guardians, and traversing the freehold of the trustees. To the second plea, that at the time when the trespass was committed, *William Nicoll* was seised of the premises in his demesne as of fee, in the actual possession of the plaintiffs, traversing both the seisin of the trustees, and the demise to the defendant.

Rejoinder to the first plea taking issue on the *locus in quo* being the freehold of the infant. To the second, a demurrer, assigning for cause, that the plaintiff had traversed "two " distinct and material allegations contained in the said se- " cond plea, to wit, the seisin in fee of the trustees of the " freeholders and commonalty of the town of *Huntington*, " and also the lease and demise which is alleged in the said " second plea to have been made by the trustees of the free- " holders and commonalty of the town of *Huntington*, to " him the said *Silas Smith*, and therefore the said traverse is " multifarious double," &c.

*Sanford* in support of the demurrer. Every traverse should be to a single point. *Co. Litt.* 126 a. *Bac. Abr. tit. Plea and Pleadings.* H. *Sec.* 5. This principle shews the traverse to the second plea to be bad. *Crogate's Case*, 8 *Rep.* 66, is, in the last resolution, a strong authority for the general position, that all issues must be single. The plaintiffs have traversed the whole plea, and had we gone to trial, we must have established the seisin and the demise, each of which is a several independent fact, traversable at the election of the plaintiff. *Moor* v. *Pudsey*, *Hard.* 316. The same doctrine is in *Read's Case*, 6 *Rep.* 24, where it is expressly ruled, that when the defendant justifies through a stranger, the plaintiff may traverse the seisin *or* demise at his election. It does not say both. In the books of entries no precedent of such a traverse is to be found.

*Riggs and Radcliff* contra. The traverse is the exact denial of the plea ; and if the one be double, the other must be equally so. The result will be, supposing the demurrer good, that judgment must be for the plaintiffs, according to the well known rule, that on demurrer, judgment must be against him who has committed the first fault. It is true that a traverse, like an issue, must be to a single point ; but a single point is not a single fact ; for many facts may go to make up one entire, or single point of defence. *Robinson*

ALBANY,
August, 1805.

Strong & Udall
v.
Smith.

v. *Raley*, 1 *Burr*. 316. Bolts v. *Purvis*, 2 *Black*. 1028, *Com. Di. Tit. Pleader*, E. 2. Here the point of defence is, the close being the freehold of the defendant. Both the facts which make this out, constitute one point. Did the negation of either fact singly, destroy the defendant's title, then we had it in our power to traverse that, and admit the other. But as the denial of both is necessary to do away his point of defence, that the freehold is his, we, in traversing both, confine ourselves to one single issue.

*Sanford* in reply. The rules of special pleading are, by admissions and avoiding to come to a single point. The doctrine contended for would destroy the whole system. To make the case in *Burrows* like this, there ought to have been a traverse to each fact stated in the plea.

*Per curiam*, delivered by THOMPSON J. It is undoubtedly a sound and established rule in pleading, that a traverse is not to be multifarious, but to a single point. This however, does not determine what shall be deemed a single point within that rule. It cannot be a single fact. The rule I think well illustrated and exemplified in the case of *Robinson* v. *Raley*, 1 *Burr*. 316. That was also an action of trespass, and a number of pleas interposed. The replication traverses one of the pleas in the following manner. " With-" out that, that the cattle were the defendant's own cattle, and " that they were levant and couchant upon the premises, and " commonable cattle." To this there was a special demurrer, assigning for cause, that the replication was multifarious. The demurrer however, was overruled, *Lord Mansfield* saying, " 'Tis true you must take issue upon a " single point, but it is not necessary that this single point " should consist only of a single fact. Here the point is the " cattle being entitled to common ; this is the single point " of the defence ; but in fact they must be both his own " cattle, and also levant and couchant, which are two dif-" ferent essential circumstances of their being entitled to " common, and both of them absolutely requisite." Thus in the present case, the single point is the defendant's right to enter the *locus in quo*. This right is set up as resulting from the two distinct facts of the seisin of the trustees, and their demise to the defendant, both of which were essential to constitute the right. The seisin alone of the trustees would have given no right to the defendant ; neither would

the demise of itself have imparted any, unless the trustees were competent to make it. If the defendant therefore, had traversed only one or the other of these facts, he would have tendered an immaterial issue, the trial of which would not have decided the merits of the case between the parties. It is true, that in some of the very old cases, the court say, that any part of what the defendant makes his title is traversable, as in *Hard.* 317,* exemplifying the very case now before us, it is laid down, where in trespass the defendant alleges a seisin in fee in a third person, and a demise to himself, the plaintiff may traverse either the seisin in fee, or the demise, at his election. But in no case which I have seen is it said, that he may not traverse both. Admitting, however, the ancient rule to have been, that he must traverse either the one or the other, I should consider that rule as altered by the decision of *Robinson* v. *Raley*, above cited. The distinctions there made by *Lord Mansfield*, appear to me to be founded in good sense, and to warrant us in saying that although in the present case, the seisin of the trustees, and the demise to the defendant, are two facts, yet they make but one point, and the traverse is of course well taken. The plaintiffs must therefore have judgment.

LIVINGSTON J. The merits of this case lie in a very narrow compass. A traverse, it is not denied, must be of a material point; so, neither can a plea contain a multiplicity of *distinct* matters, for every issue (and that applies to a plea, as well as to a traverse) must be single. By this, however, it is not intended, that a plea shall consist of *only one matter of fact*, but it may contain as many as may be necessary to constitute *one defence*. A special plea can hardly be found, that is not made up of a variety of facts; all however tending to, and making parts of, the same point of defence. Here the point was, the defendant's right to the premises, but to make out a lawful possession in him, it became necessary to state the several circumstances which constituted it, to wit: the seisin of the trustees, their demise, and his entry under it. On this plea, the plaintiffs might have taken issue; but they preferred setting up a seisin in their ward, which being a matter different from that relied on by the

ALBANY,
August, 1805.

Strong & Udall
v.
Smith.

* *Moor* v. *Pudsey.*

1 *Burr.* 316.

2 *Black* 1023.

ALBANY,
August, 1805.

Strong & Udall
v.
Smith.

*Litt.* 381.

*Salk.* 91.

8 *Rep.* 66.
6 *Rep.* 24.

1 *Bos. & Pull.*
76.

plea, it became necessary to traverse the *point of defence* contained in the latter. In such cases, the only rational rule must be, that the plaintiffs may traverse all, any, or either of the material facts which compose the point of his adversary's defence. This will not render the pleadings more complicated or intricate than if he puts them immediately in issue, by a total denial of them. A contrary rule, by driving the party to an election of traversing *only one* of the circumstances, would produce unnecessary hardhip. Whatever is traversable, and not traversed, is admitted. Why then, by this mode of proceeding, compel either party to admit several important facts, which the other may not be able to prove ? Thus, if the demise here had *only* been traversed, the seisin of the corporation would have been conceded, and *vice versa.*

*Crogate's* case did not turn at all on the point before us ; and *Read's* only establishes that the seisin, *or* demise, may be traversed ; but how far they were both traversable, was not before the court.

The decision of *Jones* v. *Kitchin,* which was not cited, may at first appear favorable to the defendant, but it was founded on the authority of *Crogate's* case, and both proceeded on a ground entirely different from that which is here taken. In both cases it became a question how far a replication or plea *de injuria sua propria absque tali causa,* was proper where the adverse party had " asserted any right " or interest in land." It was decided in the negative, but what *Lord Chief Justice Eyre* says, in giving the opinion of the court, is deserving of notice. After reading the resolutions in *Crogate's* case, he adds, " Thus the rule is dis-" tinctly laid down, that *de injuria propria,* is only to be " received where the defence set up is matter of excuse, " and not where it asserts any right or interest. But the " reason is, *not because it puts two or three things in issue,* " for that may happen in every case where the defence ari- " ses out of *several facts,* all operating to *one point* of excuse : " The reason is, because this plea is only allowed where an " excuse is offered for personal injuries, and not even then " if it relates to any interest in land." The counsel too, who argued against the plea in *Jones* v. *Kitchin,* admitted, " that if the several matters put in issue make *together* but

" *one* defence, they may be thus all put in issue together by " *de injuria sua propria*." If so, why, by parity of reasoning, may not the same matters be traversed, if they really form but one defence? The two following cases, which were not mentioned at bar, shew that this may be done; but were we without authority, the thing is too reasonable not to be permitted, nor can any one inconvenience flow from it.

In *Wood* v. *Holland, Rolle*, Chief Justice, held that the descent, *as well as* the disseisin, might have been traversed.

In *Brake* v. *Kent,* an executrix pleaded *several* judgments, and no assets *ultra*. The plaintiff replied they were kept on foot by fraud. The defendant maintaining his bar, traverses that *all* or *any* of the judgments were kept on foot by fraud. This was held good, and yet on the reasoning of the defendant here, the traverse should have been confined to *only one* of the judgments.

I have no doubt, the replication is good; but were it not, the plea for the very objections made to the traverse, would also be bad; so that in either case, the plaintiffs must have judgment; " for it would be very hard," to borrow the language of Lord Chief Justice *Willes,* " to give judgment " against a plaintiff, because he has only traversed literally " the defendant's plea; for if the issue be wrong, the first " fault is in defendant.

### William Pinder *against* John I. Morris.

WILLIAMS moved to set aside the judgment and execution in this suit, or to enter up satisfaction on the judgment obtained therein on a sealed note, upon production of a written discharge from the plaintiff, containing a complete release of all demands, costs, &c. and a receipt for the balance due, which the defendant swore he paid in full consideration of the note, and without knowing that any third person had an interest therein.

*Tiffany* objected to the application, because the attorney had a *lien* on the debt for his costs, and might, by this species of settlement, be cut out. He contended also, that the rule would be inefficacious, as the judgment entered was against *Morrison*, and the order of court would be in a suit where the defendant was named *Morris*.

*Margin notes:* ALBANY, August, 1805. Pinder v. Morris. — Stylle 244. — Carth. 125. — WillesRep.410.

*Margin note:* If a defendant has *bona fide* paid debt and costs to a plaintiff, the court will order satisfaction to be entered on the judgment obtained in the suit, though the costs of the plaintiff's attorney may not have been paid, for he has no lien on the debt while in the defendant's hands unless he give notice not to