PARKER *against* PARMELE.

By an agreement, under the hands and seals of the parties, for the sale and purchase of a lot of land, the defendant co-venanted to pay 250 dollars, as the consideration money, on the 1st of January, 1818; and the plaintiff covenanted, that upon the performance of the covenant of the defendant, he would "execute to him, his heirs and assigns, a good warrantee deed of conveyance of the land:" In an action for a breach of the covenant of the defendant, the declaration alleged, that the plaintiff was, and had been, at all times, ready and willing, on payment of the 250 dollars, &c., to execute a good warrantee deed of conveyance, &c., but that the defendant did not pay the 250 dollars, &c.: *Held*, that the covenants were *dependent;* that the words " a good warrantee deed of conveyance," referred to the *instrument* of conveyance only, and not to the *title:* that a plea, therefore, that the plaintiff was not seised, &c., or that he had no title, was not good, or sufficient, in avoidance of the action; for where the action is on a deed or *specialty,* a mere failure of consideration is no defence at *law.* But a plea, that the plaintiff did not, on the first of *January,* 1818, nor at any time since, *tender,* or offer to execute a good warrantee deed of conveyance of the premises, to the defendant, is a good bar ; for the vendor cannot maintain an action for the purchase money, without having executed, or actually tendered a conveyance.

THIS was an action for a breach of covenant. The plaintiff declared, on an agreement, under seal, dated *November* 15, 1816, by which he agreed to sell to the defendant, and the defendant agreed to purchase of the plaintiff, one acre of land ; (particularly described;) and the defendant co-venanted and agreed to pay the plaintiff, as the consideration of the purchase, two hundred and fifty dollars, on the 1st of *January,* 1818, with lawful interest, &c. ; and the plaintiff " covenanted and agreed, that upon the faithful perform-ance of the covenants aforesaid, he would execute to the defendant, his heirs and assigns, a good warrantee deed of conveyance of the premises." The declaration then aver-red, that though the plaintiff hath, always, from the time of making the said agreement, hitherto, well and truly per-formed fulfilled, and kept, all things therein contained, on his part to be performed, &c., and hath, at all times, since the said sum of money, in the said agreement mentioned, became due and payable, been ready and willing, on the payment of the same to him by the defendant, to execute to the defendant, a good warrantee deed of conveyance of the said premises, according to the tenor and effect, and true intent and meaning of the said agreement ; yet, protest-ing, &c., the defendant, on the 1st of *January,* 1818, did not pay to the plaintiff the said sum of two hundred and fifty dollars, with interest, &c. ; nor hath he, at any time since, paid the same, or any part thereof, &c.

The defendant, after craving *oyer* of the agreement, plead-

ed, *first*, that the plaintiff, on the 1st of *January*, 1818, was not seised, nor at any time since had been seised, of any good, valid and operative title, in and to the said land; and that he, then, had not, nor has he, at any time since, had good, right, and lawful power and authority, to give to the defendant a good warrantee deed of conveyance of the said land, &c. 2. That the plaintiff did not, on the 1st of *January*, 1818, tender, or offer to execute to the defendant, a good warrantee deed of conveyance of the premises, &c. ; nor has he, at any time since, tendered, or offered to execute, &c. ; wherefore, he prayed judgment, &c.

To these pleas there was a general demurrer, and joinder.

*S. M. Hopkins*, in support of the demurrer, contended, 1. That by the terms of the agreement, the payment of the money was a condition precedent to the defendant's right to demand a deed. He said, that the case of *West* v. *Emmons*, (5 *Johns. Rep.* 179 ) was perfectly analogous, and conclusive in support of this point. (*Cuningham* v. *Morrell*, 10 *Johns. Rep.* 203. *Pordage* v. *Cole*, 1 *Saund.* 319. 1 *East*, 203.) It is not enough, therefore, for the defendant to aver a readiness to perform; but he must go further, and aver that he offered or tendered to perform. 2. That the plea of *non-seisin* in the plaintiff, was bad, and no answer to the declaration. (*Gazely* v. *Price*, 16 *Johns. Rep.* 367.)

*Lynch*, contra, relied on the cases of *Judson* v. *Wass*, (11 *Johns. Rep.* 525.) and *Clute* v. *Robinson*, in Error. (2 *Johns. Rep.* 595.) In support of the second plea, he cited *Green* v. *Reynolds*, (2 *Johns. Rep.* 207.) and *Van Benthuysen* v. *Crapser*, (8 *Johns. Rep.* 257.)

SPENCER, Ch. J. delivered the opinion of the Court.

1. Is it competent to the defendant to draw in question the plaintiff's title to the lot? and what is the true and just construction of the plaintiff's covenant as to title?

In *Gazely* v. *Price*, (16 *Johns. Rep.* 268.) I delivered the opinion of the Court, and supposed I had not only expressed the opinion of my brethren, but had, also, given effect

to the spirit of all the antecedent cases upon the subject. I shall endeavour to show that that case was rightly determined, and that it governs this case, in the point now under consideration. The words of the agreement there, were, " that the plaintiff *covenanted to give the defendant a good and sufficient deed for the premises,*" on a *particular day.* One of the defendant's pleas was, that on the day when the deed was to be given, the plaintiff was not lawfully and rightfully seised of a good, sure, and indefeasible estate of inheritance in the premises, and had not good right, and lawful power and authority, to grant and convey the same.

I considered the covenant, in that case, as relating merely to the validity and sufficiency of the conveyance, in point of law, to pass whatever right the plaintiff had in the lands, to the defendant; and the case of *Van Eps* v. *The Corporation of Schenectady,* (12 *Johns. Rep.* 442.) was referred to, as substantially deciding the question. I held, that the additional words, " good and sufficient," directed only the species of deed to be given, and had no reference to the title to be conveyed.

Here, the plaintiff's covenant is, *to execute a good warrantee deed of conveyance of the lot;* and if the case of *Gazely* v. *Price* was correctly decided, it puts an end to the question ; for no human ingenuity is capable of discriminating the two cases. The case supposed to hold a different doctrine, is that of *Clute* v. *Robinson,* in the Court of Errors ; (2 *Johns. Rep.* 595.) and it is true, that the then Ch. J. *Kent,* did say, that a covenant *to execute and deliver a good and sufficient deed* of a piece of land, did not mean merely a conveyance, good in point of form, but an operative conveyance ; one that carried with it a good and sufficient title to the lands to be conveyed ; and he proceeds to say, that the appellant confessed, in his answer, that this was the understanding of the parties, as his title was not then complete. In the particular case, the opinion expressed was perfectly correct ; but we must remember, that this case was on an appeal from the Court of Chancery ; and I fully concur in the proposition, that where a party seeks the aid of a Court of equity, to enforce a specific execution of an agreement, for the acceptance of a conveyance of a

ALBANY,
August, 1822.

PARKER
v.
PARMELE.

piece of land, under a covenant to execute a good and suffi-
cient deed, and to compel the payment of the money stipu-
lated to be paid, as the consideration for the conveyance, it
would be a good defence, that the party had no title. Whe-
ther the same rule prevails at law, is the question. The next
case relied on, and it is a case in this Court, is that of *Judson*
v. *Wass.* (11 *Johns. Rep.* 525.) That was an action of *as-
sumpsit*, to recover damages for the breach of an agreement
for the purchase of land. The lands were sold at auction, and
the defendant became the purchaser of some of the lots;
and, refusing to perfect the contract, the suit was brought.
One of the conditions of sale was, that after payment, or a
note given, by the purchaser, for the consideration money,
the plaintiff and his wife should execute and acknowledge a
deed, with warranty of title, except as to quit rents. It ap-
peared, on the trial, that the lands sold were under a mort-
gage to *Douw Fonda*, executed prior to the sale, for nine
thousand dollars. It was decided, that in every sale like
that, there is a condition that the purchaser shall not be
bound to part with his money, unless the seller is able to
give him a title, according to the terms of the sale; that the
conditions of sale meant not only that the plaintiff would ex-
ecute a deed, containing a covenant of warranty, but that
he had the power to give a deed which would carry an in-
defeasible title to the lots; that the conditions of sale speci-
fied the quit rents as the only incumbrance, which excluded
the idea there were any other.

Now, the material difference between the case of *Judson* and
*Wass*, and this case, is, that the former was *assumpsit*, to recover
the consideration money, and this is an action upon a cove-
nant under the hands and seals of the parties. It is perfect-
ly competent to the defendant, in *assumpsit*, to set up a fail-
ure of consideration, as a complete defence. In that case,
the lots sold were heavily incumbered; that incumbrance
had not been made known to the purchaser; and one of the
conditions of the sale was, that the lands should be subject
only to a quit-rent. There was, then, a failure of conside-
ration; and, in fact, a fraud on the purchaser, in the re-
presentation of his title to the land. The defence was per-
fect, and conformable to all the decisions on the subject.

But can the defendant set up, in this action, a failure of consideration, on the ground that the plaintiff had not a good title to the land contracted to be conveyed ? That is the only question presented by the first plea.

In *Vrooman* v. *Phelps*, (2 *Johns. Rep.* 177.) it was expressly decided, that a specialty could not be invalidated for any other cause than the illegality of the consideration. And it is there stated to have been repeatedly decided, that the breach of a written warranty, as to the quantity of the goods sold, made antecedently, though false and fraudulent, and though it may have induced the defendant to make the purchase, cannot be pleaded in discharge of a bond given for the consideration. Subjoined, in a note to this case, is the case of *Dorlan* v. *Sammis*, upon a writ of error to the common pleas of *Queens*, in which this Court said, there is no case in which a bond can be set aside, but where the consideration is void in law, or where there is fraud. A mere failure of consideration is no defence at law. That this doctrine is well founded, the case of *Collins* v. *Blantern*, (2 *Wils.* 347.) and 1 *Fonb.* 112. in the notes, fully show. *Powell* (*on Contracts*, vol. 1. p. 333.) is very full on this point. He says, the cause or consideration is not inquirable into, but the party ought only to answer the deed. It is not for me to question the wisdom of the common law, in denying to a party who has entered into an agreement, under his hand and seal, a right to impeach it, on the ground of a want of consideration. It is sufficient that the law is so. The plea in avoidance of a payment of the money stipulated to be paid, in effect, says, that the defendant ought not to pay it, because the plaintiff did not own the land on the day he agreed to convey it, nor has he since owned it. This is showing that there existed no consideration, as regarded the defendant, for if he paid, he would get no equivalent for his money. In all the books of precedents, I do not believe there is such a plea to be found. One word more, as to the plaintiff's covenant *to execute a good warrantee deed of conveyance of the lot to the defendant.* It appears to me, that it is impossible to torture the expression, to mean, that he will give a good title. It is to be *a good warrantee deed of conveyance.* The word *"good"* refers only to the instrument of conveyance;

it does not mean that he will give a good warranted *title*. I am far from supposing, that if the fact set up in the plea be true, that the defendant is remediless. On the contrary, no doubt, he would be entitled to the aid of the Court of Chancery, to protect him from paying his money for a piece of land, which, though the plaintiff should warrant it to be his, yet he did not own. All I contend for is, that a Court of law should not innovate upon ancient and uniformly settled principles, from the notion, that there is a particular hardship or injustice in the case. We must leave parties to their remedies, according to known principles. The case of *Van Eps* v. *The Corporation of Schenectady*, was an action for money had and received, and the plaintiff was allowed to recover back that part of the consideration money, as to three lots, that were held adversely to the title of the defendants. In that action, the Court adopted the principle, which prevails in equity, that the vendee was entitled to a good title; and, as he had paid his money upon a defective one, he was entitled to have it back. That doctrine is entirely inapplicable to a case where the agreement is by *deed;* and where the extent of the covenant, and its import only, are in question.

2. The *second* plea is, that the plaintiff did not, on the 1st of *January*, 1818, tender, or offer to execute, to the defendant, a good warrantee deed of conveyance of the lot, nor has he since offered and tendered, &c. The case of *Gazely* v. *Price* shows, that the covenants in this case are dependent. The whole consideration money was to be paid on that day : and, on the payment, the deed was to be given ; the acts were to be concurrent. This was fully and clearly settled, in the case of *Green* v. *Reynolds*, (2 *Johns. Rep.* 207.) and in *Jones* v. *Gardner*, (10 *Johns. Rep.* 266.) The same principle was, also, adopted in *Porter* v. *Rose*, (12 *Johns. Rep.* 212.)

Then the question arises, whether the plaintiff, the vendor, can maintain this action, without an actual tender, or offer to convey. The averment in the declaration is, only, that he was ready and willing to convey. In *Green* v. *Reynolds*, the Court say, that on such a covenant, the fair intent and good sense of the contract is, that the money is

not to be paid until the deed is ready to be delivered; and that the declaration was defective, in not averring a tender of the deed by the plaintiff. So, in *Jones* v. *Gardner*, the same principle is repeated. In *West* v. *Emmons*, (5 *Johns. Rep.* 181.) *Van Ness*, J. puts the decision on the order or precedency in which the acts are to be done. There, the defendant was to give a deed, and the plaintiff was to execute a bond and mortgage; and he held, that an averment of a readiness to execute the bond and mortgage was enough, because the mortgage would be inefficacious until after the deed was given. *Sugden* (*Law of Vendors*, 162, 163.) lays down the law thus: that a vendor cannot bring an action for the purchase money, without having executed the conveyance, or offered to do so, unless the purchaser has discharged him from so doing; and that, on the other hand, a purchaser cannot maintain an action for a breach of contract, without having tendered a conveyance, and the purchase money. In the case of *Philips* v. *Fielding*, (2 *H. Bl.* 123.) which was a case very similar in its facts, it was decided, that an actual conveyance, or a tender and refusal, was essentially necessary. Here, however, the defect in the averment, instead of being taken advantage of by demurrer, has been pleaded; and, certainly, the facts pleaded are sufficient to bar the plaintiff's action, if well founded. There must be judgment for the defendant, with leave to the plaintiff to reply.

Judgment for the defendant, accordingly.(*a*)

(*a*) Vide *Robb* v. *Montgomery*, ante, p. 15, and *Hudson* v. *Swift*, ante, p. 24.