NEW-YORK,<br>May, 1831.<br>Connelly<br>v.<br>Pierce.

---

### Connelly and others *vs.* Pierce.

A *vendor* of land, who has covenanted to convey by a day certain, is not in default until the party who is to receive the conveyance, being entitled thereto, has demanded it, and having waited a reasonable time to have it drawn and executed, has made a second demand. The *purchaser* may, *it seems*, avoid the necessity of a second demand, by tendering on the first demand a deed prepared for execution.

A vendor, bound to give a deed by a day certain, must be at the expense of having it drawn, but is not obliged to have it prepared until it is demanded.

A plea by a vendor that he was *not requested* to convey, and that he did *not refuse*, is bad for duplicity on special demurrer.

DEMURRER to plea. The plaintiffs declared in *covenant* on a contract bearing date 30th May, 1827, whereby, after reciting that the defendant on the 10th day of April, then last past had purchased at a sheriff's sale, by virtue of executions against a certain person, 88 acres of land; and that in consideration of $320 *paid* to him by the plaintiffs, he had bargained and sold to them 40 acres off of the north part of the premises purchased by him, the defendant covenanted and agreed that he would convey to the plaintiffs, by a deed of warranty, the said 40 acres, at the expiration of 15 months from the time of the sheriff's sale, provided the title to the

NEW-YORK.  premises should be vested in him by virtue of the sheriff's
May, 1831.  deed.  The plaintiffs averred that on the 10th day of July,
Connelly   1828, the title to the premises purchased by the defendant
v.         was vested in him by virtue of such deed, but that he refused
Pierce.    to convey to them, although requested so to do.  The defend-
ant interposed several pleas, and among others that he was
*not requested* by the plaintiffs, on the 10th July, 1828, or at
any other time afterwards, *to convey* to them the 40 acres;
nor did he on that day, or at any time afterwards, *refuse to
convey* the same.  To this plea the plaintiff *demurred*, and as-
signed for cause of demurrur, that the plea was *double:* in al-
leging that the defendant was *not requested*, and that he did *not
refuse.*  The defendant joined in demurrer.

*W. Brown*, for plaintiffs.

*P. Bronson*, for defendant.

*By the Court*, SAVAGE, Ch. J.  The rule in pleading is,
that a plea may contain as many facts as are necessary to
make out one point, or one defence.  The defence relied on
by the plea demurred to is that the defendant is not in default
by refusal to give a deed on demand.  It was not necessary
to his defence, to have negatived both facts; for if the deed
had never been demanded of him, that alone is an answer to
the plaintiff's declaration; and if, upon demand, the defend-
ant did not refuse, but offered to convey, that also is an an-
swer.  The two facts are closely connected, and the defend-
ant could not be compelled to admit either fact; but to deny
both, it must be done in separate pleas.  Either allegation in
the plea being a good defence to the action, that settles the
question as to the point of form against the defendant.  He
cannot plead two defences in the same plea; he may plead
as many defences as he has, but each defence must be stated
in a separate plea.  In *Strong* v. *Smith*, 3 Caines, 160, the
court held there was no duplicity in the plea, because the
point of defence being the defendant's right to enter the *locus,
in quo*, he had shewn that right by setting forth two facts

NEW-YORK,
May, 1831.

Connelly
v.
Pierce.

both necessary to establish the right, to wit, seisin in the trustees of the town, and their demise to him. In *Tucker* v. *Ladd*, 7 Cowen, 450, the defence was a set off, and to shew the defendant's right to the set off, it became necessary to allege that the plaintiffs were trustees for a third person, and that the defendants had a judgment against such person. Both allegations were necessary to make out the point of defence. But in *Service* v. *Heermance*, 2 Johns. R. 96, where, to a plea of discharge, under the insolvent act, the plaintiff replied five several acts, each of which was sufficient to avoid the discharge, the court held the replication bad, for duplicity. And a similar decision was made in *Cooper* v. *Heermance*, 3 Johns. R. 315. In this case the defendant has coupled in the same plea two facts, each of which, taken separately, although there is an apparent connection between them, is a sufficient defence to the plaintiffs' action. The plea is therefore faulty in point of form ; and it is so because the several matters which it contains are good defences in law.

On the merits it is impossible to distinguish this case from *Fuller* v. *Hubbard*, 6 Cowen, 2, and *Hacket* v. *Huson*, 3 Wendell, 250. In the latter case, particularly, the consideration *had been paid*, as in this case, and the conveyance was to be executed by a particular day ; but the same rule was held applicable, which had been previously applied, when the payment of the consideration and the giving of · the deed were to be simultaneous acts. It may be considered the rule of this court, that when a party convenants to convey, he is not in default until the party who is to receive the conveyance, being entitled thereto, has demanded it, and having waited a reasonable time to have it drawn and executed, has made a second demand. In England the party entitled to the deed is bound to have it drawn and presented for execution ; we have not gone so far ; the party who is to give a deed, certainly should have it drawn at his own expense ; but upon such a convenant as that declared on this case, the convenantor is not bound to prepare the conveyance until it is demanded when it is his duty to execute and perfect the conveyance with all reasonable despatch, and hold it ready for delivery when called for.

NEW-YORK,
May, 1831.

The purchaser, no doubt, may prepare the deed and tender it for execution, and then but one demand is necessary.

The plaintiff is entitled to judgment on the demurrer, with leave to the defendant to amend, on payment of costs.