Judge Wright
delivered the opinion of the court:
The question presented to this demurrer requires us to determine, whether the undertaking of the parties in the agreement •declared upon is dependent or independent. In contracts of sale and purchase of lands, where the acts to complete an agreement are to be done at the same time, we understand the rule to be, that if either would sue the other for a breach of the contract, he must perform on his part, or tender a performance. Sug. Vend. 171. A late case in the Supreme Court in New York, Parker v. Parmelee, 20 Johns. 130, seems analogous to the one at bar. The plaintiff, in that case, had agreed to sell the defendant a piece of land and to convey it to him, if he faithfully performed his part of the agreement; and the defendants agreed to pay the purchase money ■on a given day. The court held it essential to the plaintiff’s right to recover that he should aver a performance, or a tender on his part. We doubted, at first, whether in the case before us, inasmuch as the defendant agreed to pay the money to the plaintiff, he was not bound to seek him, and on that account, we doubted if the plaintiff’s readiness to perform, in case the defendant came to pay, was not sufficiently averred to entitled him to recover. But, upon *299 the whole, we think the most intelligible and reasonable rule requires of either party to contracts for the performance of simultaneous acts, before he sues, to put his adversary in the wrong by performing, or offering to perform, on his part. The same principle has been decided at this term, in McCoy’s Adm’rs v. Bixbee’s Adm’rs, post.
*As to the outstanding mortgage in this case, the plaintiff [294 undertook to obtain its release; the defendant did not undertake to do so, though the privilege was given him, if he choose to avail himself of it, to obtain its discharge by applying to that object the required proportion of the purchase money. The declaration, in reciting the agreement of the parties, shows a mortgage to have ■existed. It nowhere shows its release. Prima facie, therefore, it remains a lien upon the lot. The purchaser of the lot is not bound to get it in, though under the contract, he may do so if he please. The seller, then, must aver that he has performed his part of the contract, and his ability to convey, before he shows a right to sue. He undertakes to make a deed in fee; and from his •own showing, it appears he has not the fee to grant.
The declaration, therefore, shows no right in the plaintiff to sue, because he has not done what he undertook to do himself to fulfill his part of the contract, and to put his adversary in the wrong.