## Case No. 16,810a.

### V ˙ ˙ ᴌARINO v. THOMPSON.

[23 Betts' D. C. MS. 45.]

District Court, S. D. New York. May, 1857.

SUIT AGAINST FOREIGN CONSUL.

[The state practice having been adopted by the standing rules of the court, plaintiff may obtain leave to file a double replication to defendant's plea.]

[This was an action of assumpsit by Augustin Valarino against William D. Thompson, consul. For opinion overruling a demurrer to the declaration, see Case No. 16,-813a.]

Laroque & Barlow, for plaintiff.

Emerson & Pritchard, for defendant.

BETTS, District Judge. This is a common-law action of assumpsit, but necessarily prosecuted in this court, because of the official character of the defendant, he being admitted and approved by the president of the United States as consul of the republic of Ecuador for the port of New York. The declaration contained the ordinary counts upon an indebitatus assumpsit, to which the defendant pleaded the general issue and the statute of limitations. Thereupon the plaintiff applied to the court upon motion with notice and an affidavit stating the necessity of the privilege asked for, to the maintenance of his rights, for an order that the defendant show cause in court why the plaintiff shall not be allowed to file double replications to the pleas interposed by the defendant. The order was granted pursuant to the application, but, delays from term to term in bringing the motion to hearing having intervened, the papers have now been submitted for the judgment of the court upon the question of practice involved in the application.

The controversy rests upon a point of practice, and does not demand the consideration of the pertinency or sufficiency of the replications proposed. That point would more properly be raised by demurrer. But the question now discussed seems rather to be whether the court possesses any discretion in the matter, and, if so, if this is a proper case in which to exercise it. The ground taken on the part of the defendant is that the law regulating the procedure of this court does not allow the use of double replications to pleas, and that accordingly the plaintiff must limit his reply to a single point of defence. The plaintiff, on the other hand, insisting that if, there be any restrictions on the English practice, or that of this state, upon this point, the authority of the federal courts is untrammeled in that respect, and they may permit such multiplication of pleas or replications in a cause, as they deem advisable. Copies of the replications prepared to be filed are laid before the court, and, although those papers arrange into formal averments various propositions intended to avoid or counteract the special plea of the defendant. it seems to me they are, in substance, comprehended in the general issue, or denial that the bar of limitation pleaded to the action has accrued in this case. Still, as before suggested, I am not inclined to exclude the double replications, if, according to the practice of the court, it is allowable for me to permit both to be employed. The practice on the law side of the federal courts is not established by any specific enactment of the legislature, or code of rules, or special usages of the courts themselves. It is compounded in part of provisions in acts of congress; positive appointment by rules of the supreme court of the United States; statute rules of the circuit and district courts of the United States within the state where the court is sitting; rules of the king's bench in England; and, in cases where no replication applicable to a particular point is found in either or all those sources, then, in this district, the practice of the highest court of original jurisdiction in this state is the practice of the federal courts also. And as, again, the state practice is a composition of legislative enactments, positive rules, and long-established usages, it becomes a matter of no small 'perplexity, on points of infrequent occurrence, to determine exactly what the governing rule shall be. The process acts of the United States, in effect, establish the forms and modes of proceeding in suits in common law to be the same as those in use in 1792 in the supreme court of the respective states,—1 Stat. 93, § 2, note; Id. 276, § 2,—subject to such alterations as the United States courts may deem expedient to make, but not to be affected by subsequent changes in the state practice,—1 Kent, Comm. (6th Ed.) p. 342, note. The supreme court informed the bar that the practice of the courts of king's bench and chancery formed the outlines of the practice of the supreme court. Rule 7, Aug. 8, 1791; Hayburn's Case, 2 Dall. [2 U. S.] 411. No other specific regulation on the subject of practice was declared by the court prior to the process acts above referred to, and never has been since, affecting the question under consideration.

In the king's bench, and at common law, replications could not be double; nor was that class of pleadings included within the English act of 4 Anne, c. 16, § 4, which enabled the courts to authorize the use of double pleas. 1 Chit. Pl. 550. Still parties acquired, in substance, the effect of an allowance to use more than one replication to a plea by alleging distinct facts in different replications, when they all tended to a single point. Robinson v. Raley, 1 Burrows. 316; 1 Chit. Pl. 552, 553; Steph. Pl. 291. The same practice was pursued and sanctioned in the supreme court of this state before and after the organization of the federal courts,—Strong v. Smith, 3 Caines, 160; 1 Dunl. Abr. 500; Graham, Prac. 219,—before the privilege granted by statute to special

pleas was expressly extended to replications, —2 Greenl. 261; 12 Sup. L. N. Y. c. 28, § 1; 2 Rev. St. p. 352, § 23. The usages of the supreme court of the state were followed in the United States courts in this district in matters of pleading, except in cases specifically regulated by their own rules. Circuit court, 2d circuit. Dutch Creditors v. Bayard [unreported]. They thus become the rules of these courts also. Fullerton v. Bank of U. S., 1 Pet. [26 U. S.] 612. The codes of rules established by the circuit and district courts of this district in November, 1828, interchangeably adopted the rules of either court as the practice of the other in all cases not specifically provided for, so far as the same may be applicable; and, when there is no rule of those courts to apply then declared that the rules of the supreme court of this state, so far as the same may be applicable, shall govern. Cir. Ct. Rule 59; Dist. Ct. Rule 127. In the revision and re-publication of these rules in 1838, a similar provision was renewed, and extended to rules then in force, or subsequently adopted. Cir. Ct. Rule 102; Dist. Ct. Rule 240. The statute of Anne has been substantially re-enacted in this state.

In my opinion, then, under the established practice of this court anterior to its rules promulgated in 1828 and 1838, it would have been competent to the court to permit the plaintiff to reply to the defendant's plea in this case the different facts sought to be set up in bar to it, they being facts material to the defence. 3 Caines, 160; 10 Wend. 278, 284. But the adoption of the state practice by the standing rule of the court brings the regulations of pleadings under the Revised Statutes, within the scope of our own rules, and determines the right of the plaintiff in this case to interpose the replications he asks for. It is accordingly ordered that his motion prevail, and that he have leave to reply double to the plea of the defendant.