By the Court,
Robertson, Ch. J.
The plaintiff seeks as vendee, to enforce in this action performance by the defendant, *174 who is vendor, of a contract for the sale of land. In such contract a day was fixed on which the defendant was bound to give a deed of the land, free from all incumbrances, with full covenants and warranty. There was nothing on the face of the contract to show that time was essential in its performance. (Benedict v. Lynch, 1 John. Ch. 374. Winne v. Reynolds, 6 Paige, 410. Cases cited in Fletcher v. Button, 4 Comst. 396, and Burwell v. Jackson, 5 Seld. 535.) If it had been, the defendant was never in a condition to perform on his part, as the premises continued from the time of sale subject to two mortgages and outstanding leases ; and therefore he could not avail himself in equity of any delay on the plaintiff’s part(Seaward v. Willock, 5 East, 202, per Ellenborough, Ch. J. Lovelock v. Franklyn, 8 Q. B. 371.) The attempt at a tender made by the defendant was unavailing, (Parker v. Parmele, 20 John. 130 ; Robb v. Montgomery, Id. 15 ; Hudson v. Swift, Id. 24, 27 ; Fuller v. Hubbard, 6 Cowen, 13, 17 ; Same v. Williams, 7 id. 53 ; Connelly v. Pierce, 7 Wend. 129 ; Winne v. Reynolds, ubi sup.;) either to put the plaintiff in default or to discharge himself.
The two mortgages in this case,- if past due, can be paid off; or if not, their depreciation of the value of the purchase is capable of being measured pecuniarily. The leases which are outstanding may be made a subject of compensation at the election of the vendee, the plaintiff. It does not appear that he knew of their existence when he bought, although the defendant did. The existence of such incumbrances is therefore no reason for refusing a specific performance of the contract by the defendant so far as he can carry it out.
But the court ought not to have adjudged that the defendant should procure releases from parties over whom he had no control, (Brown v. Haff, 5 Paige, 241 ; Mills v. Van Voorhis, 23 Barb. 125,) and the judgment at special term was therefore erroneous in that respect. The judgment should have directed a reference to ascertain whether the defendant could give a good title; also the amount of any incumbrance which is a lien on the premises and can be paid off; and the deduction *175 which should he made from the purchase money, as compensation for the outstanding terms of tenants ; it also should have required the payment to the referee hy the plaintiff of so much of the purchase money as might be necessary to pay off all incumbrances, which could be discharged, and to the defendant or into court for his benefit of the residue thereof, after deducting the amount to be allowed for such compensation. It should also have provided for the discharge by such referee of the incumbrances which could be so paid off, and the execution within a short time by the defendant to the plaintiff of a good and sufficient conveyance of the premises in fee simple, with full covenants and warranty, to be placed in the hands of such referee to be delivered to the plaintiff, upon the payment by him of the sums before mentioned.
The judgment in this case should be so modified, without costs on the appeal to either party.
The judgment of the general term to be settled by one of the justices, on two days’ notice by either party.