## WILLIAM NIX v. JOHN HOFFMAN.

PLEADING; PETITION; *Action upon Breach of Title Bond.* Where the vendee of real estate sues his vendor upon a supposed breach of the condition of the bond given for title, and asks judgment for a certain sum of money which had previously been paid on the land by the vendee to the vendor, and also asks judgment for the cancellation of a certain promissory note given for said land by the vendee to the vendor, and where the agreement of the vendor as expressed in the bond is merely that the vendor convey title "upon the payment" by the vendee to the vendor of a certain other and additional sum of money, *held,* that the petition which merely states as a breach of the condition of the bond that the vendor had no title to the land, without alleging that he was unable to procure the title, without alleging that the vendee ever paid or offered to pay said other and additional sum of money or any part thereof, and without alleging that the vendor by any word or act of his (except that he had no title) ever released the vendee from tendering performance on his part, does not state facts sufficient to constitute a cause of action.

*Error from Franklin District Court.*

THE only question here is whether the petition filed below stated facts sufficient to constitute a cause of action. The averments of the petition are sufficiently stated in the opinion. The district court, upon demurrer, held the petition sufficient, and at the March Term 1872 gave judgment in favor of *Hoffman. Nix* brings the case here for review.

*John W. Deford,* for plaintiff in error:

1. The petition alleges that "defendant has wholly neglected and refused to execute and deliver" the deed, "although

this plaintiff has been ready to receive and pay for" it; but this is not sufficient. (20 Johns., 130; 11 Wend., 48; 3 Denio, 363.) It is not stated that this readiness to "receive and pay" was ever made known to Nix; nor is it asserted that he was, at the time agreed on, or is now, unable to convey the land.

2. Nix bound himself to convey the land "upon the payment of $125 and interest by the said Hoffman," "agreeably to his note," etc. His obligation is thus expressly "made to depend upon the payment of the purchase-money." (*Dietrich v. Franz*, 47 Mo., 85.) Now, "it is well settled that covenants like these are dependent, and that neither party can recover against the other, without averring a tender of performance on his part; a mere *readiness to perform*, is not sufficient." "If the action is brought by the vendee against the vendor, for not conveying, he must aver a tender of the consideration-money before suit brought. 14 Mass., 266; 5 Pick., 395; 2 Johns., 206; 10 id., 265; Sugden on Vendors, 162.

3. But the petition alleges that it was adjudged that one Pe-an-ish "has the legal title to said land, and is entitled to the possession thereof;" and it is contended, by Hoffman, that this constitutes a good excuse for his not having tendered the purchase-money before suit brought. But this is not so: *Clarke v. Locke*, 11 Humph., 360. There is no allegation that Nix could not convey a perfect title at the time, and upon the conditions specified in the bond. No cause of action had accrued. By offering to pay off the $125 note in due time, and demanding a deed, Hoffman could have put Nix in default, (if he then failed to convey,) and thus could have sued upon the bond at law, and recovered the cash payment in the shape of damages: 1 Ind., 135; 1 Mo., 402–3; 1 Wheat., 179.

4. As to the note, the petition shows that it was *overdue* at the commencement of this action, and was then still in the hands of Nix. Hence, Hoffman's remedy at law was complete. He had only to wait until Nix should sue him on the

note, and then set up the failure to convey as a defense. There can be no reason for a bill *quia timet* as against such a note. 3 Edw., 129; 1 Paige, 215; 2 Story's Equity, §§ 694, 701.

*D. W. Hoffman,* for defendant in error:

1. The petition shows that before the note became due, a suit was commenced against Nix denying his title to the land in question; that it was pending when the note became due; and that in that suit it was decreed that Nix had no title to the said land. He then had no title to the land when the note was due. Could he then, on that day perform his covenants, as set forth in his bond, to-wit, "convey by a warranty deed" the land to defendant in error? True, he might have executed such a deed in form, but the petition shows that it would have been worthless to pass title. In *Judson v. Wass,* 11 Johnson, 525, the court say of such a covenant, "This means not merely that he will execute a deed containing such a covenant, but that he has the power to give a deed which would carry with it an *indefeasible title,*" citing also *Clute v. Robison,* 2 Johns., 613. Nix then, being unable to perform his agreement on the day fixed, it is absurd to say that Hoffman should have demanded what Nix could not perform. It would have been an idle ceremony. *Morange v. Morris,* 34 Barb., 311, and 32 How. Pr., 178.

2. If the petition below sets forth *any* cause of action it will be sufficient on the demurrer, without reference to the prayer for relief. The action is "assumpsit to recover back money paid;" 14 Johns., 453; and money paid on the purchase of real estate, to which the vendor cannot make title, can be recovered back in this action; Sug. on Vend., ch. 30. "If the obligor of a title bond had no title to the premises at the time the deed was to be executed, the obligee may sue on the bond without having demanded the deed." *Blann v. Smith,* 4 Blackf., 517. See also, 8 Blackf., 203, and 1 Ind., 434, where want of title in vendor is held sufficient excuse for not demanding a deed.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by John Hoffman as plaintiff for the recovery of $100, and interest, and for the cancellation of a certain promissory note. William Nix, the defendant below, demurred to the petition of the plaintiff on the ground that it did not state facts sufficient to constitute a cause of action. The court below overruled the demurrer; and Nix now brings the case to this court. The petition contains but one count, and a prayer for judgment and relief. The petition alleges that Nix, on July 2d 1869 executed a bond to Hoffman for the conveyance of certain real estate. The condition of said bond reads as follows: "The condition of this obligation is such that if the said William Nix, upon the payment of one hundred and twenty-five dollars and interest by the said John Hoffman within two years from this date, agreeably to his note of even date herewith, shall convey to the said John Hoffman and his heirs forever a certain tract of land described as followed, to-wit," etc., "then this obligation shall be void," etc. The petition also alleges that Hoffman in consideration of said bond paid Nix $100 down, and agreed to pay $125 more at the end of two years, with interest, and executed a promissory note therefor. But the petition does not allege that Hoffman ever paid or offered to pay said $125, or any part thereof. Nor does the petition allege that Nix, by any word or act, ever released Hoffman from the payment of said $125, except that the petition inferentially alleges that Nix did not have any title to said land. The manner in which the petition alleges said fact is as follows: It alleges that on November 26th 1869, Ezra C. Tracy commenced an action against Hoffman, Nix, and others, and that on August 14th 1871 it was determined in said action that one Pe-an-ish owned said land. This on demurrer will be considered as a good allegation that Nix did not have any title to said land. But still there is another essential fact necessary to be stated in the petition in order to render this allegation available which the petition

does not allege. Although Nix had no title to said land yet he may have been able, ready, and willing to procure the title and convey it to Hoffman whenever Hoffman should offer to pay the $125. It was no more necessary that Nix should be in the actual possession of the title in order to be able, ready and willing to procure and convey the title than it was that Hoffman should have been in the actual possession of the $125 in order to be able, ready, and willing to pay the same to Nix. And there is not a single allegation in the petition, stated positively or inferentially, that Nix was not amply able and ready and willing to procure the title to said land and convey it to Hoffman whenever he had the least intimation that Hoffman would be able, ready and willing to perform on his part. Pe-an-ish may have been holding the title to said land solely and entirely for the benefit and at the disposal of Nix. There is nothing in the whole petition that would negative this idea. Men often sell land who at the time have no title, but only a bond for title, and in such cases the vendor seldom procures the title to be vested in himself until the vendee offers to perform on his part, and often then by consent of parties the title is passed directly from the vendor's obligor to the vendee. In this case Nix never agreed to convey title to Hoffman except "upon the payment of the one hundred and twenty-five dollars, and interest;" hence, whether Nix had title or not he had a right to refuse to convey title until Hoffman tendered to him the $125. For this reason any allegation in the petition that Nix neglected or refused to convey, without also alleging that Hoffman tendered performance on his part, amounts to nothing. Nix never agreed to convey except upon said payment, and as the payment was never made nor offered to be made, Nix, according to the petition, was never in default. If Hoffman was ever ready and willing to perform on his part why did he not let Nix know it, and thereby put Nix in default? But as Hoffman merely alleges that he was ready and willing to perform on his part, without alleging that Nix ever knew it, he should also have alleged that Nix

was not ready and willing to perform on his part, and that he could not have been able to perform even if Hoffman had tendered performance. We hold that where the vendee of real estate sues his vendor upon a supposed breach of the condition of the bond given for title, and asks judgment for a certain sum of money which had previously been paid on the land by the vendee to the vendor, and also asks judgment for the cancellation of a certain promissory note given for said land by the vendee to the vendor, and where the agreement of the vendor as expressed in the bond is merely that the vendor will convey title "upon the payment" by the vendee to the vendor of a certain other and additional sum of money, the petition which merely states as a breach of the condition of the bond that the vendor had no title to the land, without alleging that he was unable to procure the title, without alleging that the vendee ever paid or offered to pay said other and additional sum of money or any part thereof, and without alleging that the vendor by any word or act of his except that he had no title, ever released the vendee from tendering performance on his part, does not state facts sufficient to constitute a cause of action. *Clarke v. Locke*, 11 Humphrey, 300; *Green v. Green*, 9 Cowen, 46; *Robb v. Montgomery*, 20 Johns., 135. The judgment of the court below must be reversed.

All the Justices concurring.